UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 06-00654 (ESH) |
| DEPARTMENT of DEFENSE and ) | |
| JOHN A. SHAW ) | |
| ) | |
| Defendants. ) | |
| ) | |

MOTION FOR EXTENSION OF TIME

Defendant, the Department of Defense, hereby moves, through undersigned counsel, for an order granting an extension of defendants' time to answer, move, or otherwise respond to the Complaint, through and including July 21, 2006.[1]  In support of this motion, the undersigned inform the Court as follows:

1.  The Complaint in this case raises complex factual and legal issues.  Because time is needed to consider those issues before determining how to proceed with this action, and in light of a number of matters unrelated to this action on the calendar of undersigned counsel, the requested extension will allow for an orderly and efficient preparation of a defense.  A more carefully developed defense should render the progress of this case more efficient not only for defendants, but also for the Court.

2.  The Complaint in this action indicates that most of the facts underlying plaintiff's claims occurred during 2004, and suggests that some of those claims accrued no later than April

---

[1] At this point, the undersigned represent the Department of Defense, but do not represent defendant John Shaw.  Nonetheless, an extension of both defendants' deadlines to respond to the Complaint is sought for the reasons set forth below.

12 of that year. Complaint, §§ 20-23. This case was filed on April 10, 2006. Given that plaintiff waited as long as he did before filing his Complaint,[2] he is unlikely to be prejudiced by the brief extension of time requested here.

      3. The undersigned have contacted plaintiff's counsel to seek plaintiff's agreement to the requested extension. Plaintiff's counsel has responded that plaintiff would have no opposition to an extension motion if, but only if, the motion sought an extension of defendant Department of Defense's time to respond to the Complaint, but that he would not consent to the motion if it seeks an extension of defendant Shaw's deadline.

      4. No reason exists to condition an extension of time for one defendant on the other defendant's not receiving (or even asking for) an extension. That sort of condition should be rejected for several reasons.

          A. If an extension of only the Defense Department's deadline is warranted (and, as discussed above, it is), the justification for such an extension would not dissipate if a request is made to extend Shaw's deadline as well.

          B. Having different deadlines for the two different defendants would be counterproductive. The Complaint in this action indicates that the factual allegations that underlie the claims against both defendants are identical in significant respects. Further, the facts pled in the Complaint relate largely to actions allegedly taken by defendant Shaw while he was employed by defendant Defense Department. Given the intertwined nature of the claims

---

   [2] Plaintiff's filing date appears to have been close to, and perhaps even after, statute of limitations deadlines for significant elements of his case. Some of his claims allege violations of the Privacy Act, which has a two year limitations period. 5 U.S.C. § 552a(g)(5). Some of the claims sound in defamation and related torts. See Mullin v. Washington Free Weekly, Inc., 785 A.2d 296, 298 (D.C. 2001) (applying one year limitation period to claims sounding in defamation, false light invasion of privacy, and intentional infliction of emotional distress under District of Columbia law).

against the respective defendants, having the case proceed at its inception on two different schedules for the two different defendants would likely lead to considerable confusion and inefficiency.

   C.  The inefficiency flowing from different litigation schedules for the two defendants would be particularly acute in this case.  As far as the undersigned understand, representation by counsel of defendant Shaw has not yet been worked out.  Therefore, if an extension were sought only as to one defendant but not as to the other, the Court would be faced with the prospect of the case proceeding forthwith against a pro se defendant at the same time as a represented party's time to respond to the Complaint is extended.  Such a situation is not conducive to the straightforward resolution of litigation.

 5. In light of these various considerations, the undersigned respectfully request that the time for both defendants to respond to the Complaint be extended through and including July 21, 2006.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        KENNETH L. WAINSTEIN
        United States Attorney

        ELIZABETH J. SHAPIRO
        Assistant Branch Director

          /s/
        JUDRY L. SUBAR (D.C. Bar No. 347518)
        U.S. Department of Justice, Civil Division
        Federal Programs Branch, Rm. 7342
        20 Massachusetts Avenue, N.W.
        Washington, DC  20530
        (202) 514-3969

        Attorneys for Defendant Dep't of Defense

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, et al., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT of DEFENSE and )<br>JOHN A. SHAW )<br>)<br>Defendants. )<br>) | Civil Action No.<br>06-00654 (ESH) |

## ORDER

Upon defendant Department of Defense's Motion for Extension of Time, it is hereby

ORDERED that the motion is granted, and it is further

ORDERED that defendants' time to answer, move, or otherwise respond to plaintiff's Complaint is extended through and including July 21, 2006.


Dated: _____            _____
                                         UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

    The undersigned hereby certify that, in addition to serving the Motion for Extension of Time to which this certificate is attached by filing it electronically, the undersigned have made arrangements for the service of the Motion by first class mail on June 8, 2006, on one party to this action who has not yet entered an appearance in this action, at the following address:

    John Shaw
    3555 Hamlet Place
    Chevy Chase, Maryland 20815

                                               /s/
                                       JUDRY L. SUBAR