UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, | * |
| Plaintiff | * |
| v. | *   Civil Action No. 06-0654 (ESH |
| DEPARTMENT OF DEFENSE and JOHN A. SHAW, | * |
| Defendants | * |

\* \* \* \* \* \* \*

### PLAINTIFF'S OPPOSITION IN PART TO DEFENDANT DEPARTMENT OF DEFENSE MOTION FOR EXTENSION OF TIME AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Pursuant to LCvR 7(b), Plaintiff Daniel Sudnick, through counsel, comes now to agree in part and oppose in part Defendant Department of Defense's Motion for Extension of Time through and including 21 July 2006 to move or otherwise respond to the Complaint.

**Plaintiff's Non-Opposition to Defendant Department of Defense's Requested Extension of Time – But Only As Applicable to Defendant Department of Defense**

In conferring with Plaintiffs' counsel as to defendant Department of Defense's motion for extension of time, counsel for Department of Defense has represented that:

A. Department of Justice counsel for defendant Department of Defense – who neither lived the facts nor is particularly aware of the facts until counsel completes the requisite investigation into the facts -- requires additional time to investigate the facts so as to be able to determine how to respond to the Complaint (*e.g.*, answer or otherwise respond);

B. The Government is not now representing defendant John A. Shaw ("Shaw") and no decision has been made by the Government to represent defendant Shaw in this action;

C. The Government does not know whether defendant John A. Shaw will or will not

seek more time to answer or respond to the Complaint; and

    D. For the "convenience" of the Government, the Government *sua sponte* seeks an equivalent extension of time for a defendant party who the Government does not represent and has not yet made any showing of any need for an extension of time.

    Out of professional courtesy – and only out of professional courtesy – Plaintiff does not oppose defendant Department of Defense's request that defendant Department of Defense be granted through and including 21 July 2006 to answer or otherwise respond to the Complaint as required by the Federal Rules of Civil Procedure.

    In fact, had defendant Department of Defense submitted a motion together with an agreed order to this effect only, then Plaintiff would have joined in the motion as a matter of such courtesy. But defendant Department of Defense did not.

    Accordingly, for the reasons given below, Plaintiff opposes defendant Department of Defense's attempt to seek and obtain an extension for defendant Shaw.

**Plaintiff's Opposition to the Granting of Any Extension of Time to Defendant Shaw**

    Defendant Department of Defense has argued for the benefit of defendant Shaw that an equivalent extension of time should be given to defendant Shaw – even though:

    1. Defendant Shaw was served in person on 18 April 2006 (see Docket Entry #4) and his response to the Complaint (answer or other responsive pleading) was due today, 19 June 2006.

    2. Defendant Shaw has not made any appearance in this matter – either by notice of appearance of counsel or otherwise;

    3. Defendant Shaw has made no such request, either to Plaintiff (through counsel) or to the Court. There is no evidence in the record of any such request, and defendant Department of Defense has not provided any in support of its request on defendant Shaw's behalf – quite clearly because there is none.

    4. The Department of Defense has no standing to make any such request on behalf of Defendant Shaw;

-2-

5. <u>Defendant Shaw, by virtue of having been a government employee during the time that he took some of the illegal complained-of acts, already has been given sixty (60) days time to answer the Summons and Complaint</u> – that is, three times the 20 days that an individual civil litigant would be accorded, but from the record has made no effort to do so; and

6. <u>The time for defendant Shaw to file an answer or other responsive pleading has come and gone.</u> Thus, plaintiff Sudnick intends to file the appropriate request with the Clerk of the Clerk tomorrow to enter a Notice of Default as to Defendant Shaw. Once the Clerk has entered the Notice of Default, then this no longer is a question of whether the Court should grant a request by the Department of Defense (for which the Department of Defense has no standing) for an extension of time for a non-appearing, defaulting defendant. The issue then becomes whether defendant Shaw ever makes an appearance (having been properly served), and, if so, whether defendant Shaw can produce to the Court, either under Fed. R. Civ. P. 55(c) ("Setting Aside Default") or Fed. R. Civ. P. 60(b) ("Relief from Judgment") sufficient evidence to show good cause why either the default should be set aside or relief defendant Shaw of the default judgment.

In sum, defendant Department of Defense has been respectful of the Court and is playing by the rules by seeking an extension of time on its behalf (only). Defendant Shaw has not and is not.

Defendant Department of Defense makes a number of arguments – each wholly without merit – why defendant Department of Defense's convenience would be served by the Court extending the time for Defendant Shaw to answer or otherwise response. Plaintiff addresses, and for the reasons given, respectfully asks the Court to dismiss each in turn:

O <u>Meritless Contention #1</u>: Plaintiff is "unlikely to be prejudiced by the brief extension of time requested here [by the standing-less Department of Defense for defaulting defendant Shaw]."

-3-

**Fact**: Defendant Shaw has failed to even appear, and has made no showing whatsoever that he should be relieved of the consequence of his failure by the grace (unmerited gift) of an extension of time. Plaintiff Sudnick would be prejudiced by being deprived of his right under the Federal Rules of Civil Procedure to take Defendant Shaw's default and thereafter seek entry of a default judgment against non-appearing, defaulting defendant Shaw.

O **Meritless Contentions ## 2 and 3**: "The Complaint in this case raised complex factual and legal issues;" and "[i]f an extension of only the Defense Department's deadline is warranted . . . the justification for such an extension would not dissipate if a request is made to extend Shaw's deadline as well."

**Fact**: The legal and factual issues are very straightforward. Especially for defendant Shaw, who, as alleged in the Complaint, "lived" the facts and, thus, has first-hand knowledge. Unlike the circumstance affecting the Department of Justice (which, as counsel for defendant Department of Defense, requires additional time to complete its initial investigation so as to meet the requirements of Fed. R. Civ. P. 11) there is nothing in the way of any issue of fact or law that would merit any extension of time for defendant Shaw.

O **Meritless Contentions ## 4 and 5**: "Having different deadlines for the two different defendants would be counterproductive. . . . Having the case proceed at its inception on two different schedules for the two different defendants would likely lead to considerable confusion and inefficiency;" and "[t]he inefficiency flowing from different litigation schedules for the two defendants would be particularly acute in this case."

**Fact**: Cases with multiple defendants oftentimes "proceed on two different schedules for two different defendants" at the outset – e.g., differing dates for answers and motions to dismiss and differing scheduling consequences for the various defendants depending on the outcome of the answers and motions. Counsel for Plaintiff has been involved in a significant number of such cases – including multi-district litigation – without becoming

confused (either considerably or otherwise) and without experiencing inefficiency.

Very likely Government litigation counsel is speaking for himself in this regard. Certainly, he is not speaking for non-appearing, defaulting defendant Shaw.

If so, and if need be, the Court can lend assistance through appropriate scheduling orders as to further proceedings <u>after</u> non-appearing and defaulting defendant Shaw has both made an appearance and then adhered to the requirements of the Federal Rules of Civil Procedure.

Additionally, the remedy for any scheduling difficulties created by defaulting defendant Shaw is <u>not</u> to extend the time to answer even before Shaw appears, but rather for the Court to hold Shaw to account for his default by <u>not</u> extending the schedule.

*       *       *       *       *

For each and every of the foregoing reasons, Plaintiff Daniel Sudnick respectfully urges the Court to deny the Department of Defense's meritless request for any extension of time to respond to the Complaint to be granted to Defendant Shaw.

DATE:    19 June 2006                 Respectfully submitted,

                                      _____/s/_____
                                      Timothy B. Mills  DC Bar #425209
                                      Maggs & McDermott LLC
                                      910 17th Street N.W., Suite 800
                                      Washington, D.C. 20006
                                      Telephone:  (202) 457-8090

                                      Attorneys for Plaintiff Daniel Sudnick

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, in addition to serving Plaintiff's Opposition in Part to Defendant Department of Defense Motion for Extension of time and Memorandum of Points and Authorities in Support Thereof (to which this certificate is

attached) by filing it electronically, the undersigned has deposited a true and complete copy of same in the United States mail, first class postage pre-paid, on 19 June 2006, addressed as follows to the following party to this action who has not yet entered an appearance in this action:

John Shaw
3555 Hamlet Place
Chevy Chase, Maryland 20815

/s/
TIMOTHY B. MILLS