UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, et al., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | Civil Action No. |
| ) | 06-00654 (ESH) |
| DEPARTMENT of DEFENSE and ) | |
| JOHN A. SHAW ) | |
| ) | |
|    Defendants. ) | |
| ) | |

REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR EXTENSION OF TIME

    Defendant Department of Defense has moved for an extension of both defendants' time to respond to the Complaint in this matter.  Plaintiff has indicated that he does not oppose an extension for the Department of Defense, but does oppose an extension for John Shaw, who has been sued in his individual capacity.  The motion should be granted as to both defendants.

    1.  As explained in the papers filed in support of the extension motion, extending the time for both defendants would minimize the need for the Court to deal with two sets of scheduling concerns in this case.  The Court's interest in avoiding that kind of inefficiency should be particularly acute here because, at present, defendant Shaw is not represented by counsel.  Cf. Haines v. Kerner, 404 U.S. 519, 520 (1972) (pleading of pro se party to be held to less stringent standard than that applied to a lawyer's pleading).  This is especially so given that the rule under which both defendants had the same amount of time to respond to the Complaint in the first place is based on the need for time to arrange for the representation of a defendant in Shaw's position.  See Advisory Committee Notes to 2000 Amendment to Rule 12, Fed.R.Civ.P. (discussing Rule 12(a)(3)(B), giving individual defendant sued over acts connected with

performance of government duties sixty days to respond to Complaint).

    2. Plaintiff's arguments in opposition to an extension for Shaw seem to amount to the contention that plaintiff will be prejudiced if Shaw receives more time to respond to the Complaint because that will preclude him from obtaining a default, and that Shaw should not get more time because he did not ask for an extension himself. As to the first point, losing an opportunity to obtain a default should not be seen as prejudice for these purposes. See Pratt v. Philbrook, 109 F.3d 18, 22 (1st Cir. 1997) ("prejudice" for purposes of inquiry involving appropriateness of excusing late filing not viewed as including inability to take advantage of default). As to the second point, plaintiff does not explain why it should matter whether Shaw asked for an extension himself as opposed to relying on the fact that the government had requested an extension that would inure to his benefit.

    For these various reasons, the present motion should be granted in its entirety.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    KENNETH L. WAINSTEIN
    United States Attorney

    ELIZABETH J. SHAPIRO
    Assistant Branch Director

        /s/
    JUDRY L. SUBAR (D.C. Bar No. 347518)
    U.S. Department of Justice, Civil Division
    Federal Programs Branch, Rm. 7342
    20 Massachusetts Avenue, N.W.
    Washington, DC  20530
    (202) 514-3969
    Attorneys for Defendant Dep't of Defense

CERTIFICATE OF SERVICE

      The undersigned hereby certify that, in addition to serving the Reply Memorandum In Support of Motion for Extension of Time to which this certificate is attached by filing it electronically, the undersigned have made arrangements for the service of the Motion by first class mail on June 8, 2006, on one party to this action who has not yet entered an appearance in this action, at the following address:

    John Shaw
    3555 Hamlet Place
    Chevy Chase, Maryland 20815

                                                     /s/
                                        JUDRY L. SUBAR