UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, | * |
| Plaintiff | * |
| v. | *   Civil Action No. 06-0654 (ESH) |
| DEPARTMENT OF DEFENSE and JOHN A. SHAW, | * |
| Defendants | * |

\* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT SHAW'S MOTION
TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

**I.   INTRODUCTORY STATEMENT**

Pursuant to LCvR 7(b), Plaintiff Daniel Sudnick, through counsel, comes now to oppose Defendant John A. Shaw's wholly unsupported motion to set aside the Clerk's Entry of Default against him.

Plaintiff Sudnick strongly urges the Court to deny Defendant Shaw's attempt to set aside the Clerk's Entry of Default – with prejudice – because, simply stated, Defendant Shaw has not met his burden as a defaulted defendant of proving by the required competent evidence (including a verified answer under LCvR 7(g)) that there is good cause for the Court to set aside his default.

Most particularly:

1.   Defendant Shaw offers only his own argument of himself as *pro se* counsel, but no evidence whatsoever to support his arguments. It is axiomatic that argument of counsel is not evidence and that whenever a party is required to come forward and show "good cause" to the Court, the party must do so by presented competent evidence.

Defendant Shaw has not presented the Court with the minimum of: (i) a sworn declaration under penalty of perjury; or (ii) his verified answer to Plaintiffs' Complaint (mandated under Local Civil Rule (LCvR) 7(g), in support of the arguments he makes. The facts at hand show that important parts of Defendant Shaw's arguments (which he attempts to cast as statements of fact) are inaccurate and misleading, and are controverted in whole or in part by the evidence of record presented below in this Memorandum.

Thus, Defendant Shaw's arguments should <u>not</u> be – and under the law <u>cannot</u> be – the basis for the a finding that any of the three factors that courts have long accepted as predicates to a showing of good-cause to set aside a default weigh in Defendant Shaw's favor. *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980), *quoting Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (establishing the three factors discussed below, as prerequisites that a defaulted defendant must prove to be balanced in his/her/its favor before a court will accept that the defaulted defendant has made the showing of "good cause" required by Fed. R. Civ. P. 55(c) for setting aside a default). .[1]

**Factor #1: that Defendant Shaw's default was not willful.**

From the evidentiary facts of record, the Court can and should conclude Defendant Shaw's default was willfully – that is, he purposefully and with more than excusable neglect did not come to court, as the Summons ordered him. Defendant Shaw made no effort whatsoever during the more-than-ample 60 days provided by law (and clearly stated on the Summons) either to: (a) communicate with the Court or Plaintiffs' counsel whatsoever; or (b) move for an extension of time to answer; or (c) answer the Complaint; or (d) otherwise respond to the Summons and Complaint.

Not only did the Summons give Defendant Shaw clear notice of what he

---

[1] We note to the Court that these criteria have been applied in cases where there has been both a Clerk's entry of default and a default judgment. We contend that these cases are instructive as to the criteria that should be applied in this case, even though no default judgment has been entered yet.

must do and by when, but so did both:

    (a)    The Department of Justice's motion on behalf of the Department of Defense (DoD) for additional time to answer (*see* Department of Justice's 8 June 2006 motion for extension of time, stating in unequivocal terms that a court order is required for Shaw to have additional time to answer, and, in footnote #1 on page 1, that "the undersigned [Department of Justice attorneys] represent the Department of Defense, but do not represent defendant John Shaw" -- Docket Entry #3); and

    (b) Plaintiff Sudnick's opposition to Defendant Shaw being granted any extension of time when he had failed to communicate and had not even appeared in this action.  Plaintiff Sudnick's Opposition to Department of Defense's Motion to Extend Time ("Plaintiff's Opposition", Docket Entry #5) warned that Defendant Shaw would be in default if he did not answer or seek an extension of time as of the date of Plaintiff's opposition.  *See* Plaintiff's Opposition at p3 (heading "The time for Defendant Shaw to file an answer or other responsive pleading has come and gone" and warning text that follows such heading.)  Plaintiff's Opposition was served on Defendant Shaw by being placed in the U.S. Mails on 19 June 2006.  *See* Plaintiff's Opposition (Docket   *See* Plaintiff Sudnick's Opposition in Part to Department of Defense's Motion for Extension of Time to Answer or Otherwise Respond at p.3 (heading "The time for Defendant Shaw to file an answer or other responsive pleading has come and gone" and text that follows; *see also*, Certificate of Service of Plaintiff Opposition.

    Each of these documents was served on Defendant Shaw.

    Thus, three times Defendant Shaw was given absolutely notice of what the law and this Court requires of him – come to Court, appear and respond – and three times Defendant Shaw did nothing to fulfill his legal obligations.

    In baseball, the rule is three strikes and the batter's called out.

The same principle should apply under the facts of this case. The Court, as the umpire, should call Defendant Shaw "out" by denying, with prejudice, his motion to set aside the Clerk's entry of default.

**Factor #2: that Defendant Shaw has come forward with an alleged defense, and that the alleged defense is meritorious.**

LCvR 7(g) recognizes and gives effect to this second mandatory showing that the law requires a defaulted defendant to make before a Court will set aside a default. Specifically, LCvR 7(g) mandates that a defaulted defendant (including this defendant) must accompany her/his/its motion to set aside a default with "a verified answer presenting a defense sufficient to bar the claim in whole or in part."

This defendant quite evidently acts as though even the clearest mandates of law do not, or should not, apply to him (this essentially is the gravamen of the Complaint). Yet, they do. And, despite Defendant Shaw's implied protestations of ignorance of the law, Defendant Shaw nevertheless is charged by the law with notice of the law, including the mandate of law (embodied in case law and LCvR 7(g)) that if he wishes this Court to consider setting aside his default, he must present a defense sufficient to bar the claims in whole or in part as part of a verified answer.

Of course, Defendant Shaw willingly elected not to do so.

Defendant Shaw leans heavily on his *pro se* status – which in itself is completely Shaw-voluntarily-self-induced -- as somehow providing excuse for what in fact is inexcusable neglect caused by no one other than Defendant Shaw himself. However, defendant's *pro se* status in this case –the equivalent to voluntary disablement in tort and criminal law, for which excuse is not given – provides no excuse here, either.

**Factor #3: that setting aside the default would not act to prejudice Plaintiff**

**Sudnick.**

The law requires Defendant Shaw to affirmatively demonstrate that setting aside the entry of default will not prejudice Plaintiff Sudnick. In fact, Defendant Shaw made no attempt to make any such showing – perhaps because he can't.

Plaintiff Sudnick indeed will be prejudiced if the Court sets aside Defendant Shaw's default and thereby does not allow Plaintiff Sudnick to proceed to obtain judgment on the default.

Plaintiff Sudnick has brought this lawsuit to vindicate his reputation, recover his good name and remedy the additional extreme and egregious harm caused to him by Defendant Shaw's malicious conduct and Privacy Act violations – all as alleged in the Complaint.

This harm – and the need for the most expeditious of remedies, a judgment against Defendant Shaw – continues to this day. In cases such as this, time is always of the essence, and expeditious disposition favorable to Plaintiff Sudnick is required because the harm continues. Additional harm indeed will be suffered should Plaintiff Sudnick be delayed in being allowed to proceed to entry of judgment against Defendant Shaw.

*       *       *       *       *

The facts of record show that Defendant Shaw apparently wishes the Court to give credence to his implicitly-stated notion that a former Deputy Undersecretary of Defense is not capable of reading and understanding the clear language of either a Summons and Complaint or any of the other relevant warnings in the motion papers served on him

Had Defendant Shaw minimally heeded the three clear warnings given him to come to Court sometime during the 60 days after he was served with the Summons and Complaint, he would not have been in default. But Defendant Shaw did not and he is deservedly in default. He squandered his more-than-ample opportunity to obey the law

and abide by the rules that govern this action.

Additionally, Defendant Shaw has had ample opportunity to prepare his motion to make the required evidentiary showing of good cause – that is, simply put, again obey the law and abide by the rules. But, again, he did not.

And, as importantly, Defendant Shaw has had ample opportunity to be candid and forthright with the Court about the representations he had made *pro se*, in a written pleading, as his own counsel. Yet, as shown below, he was not – in materially misleading respects.

For each of these reasons Plaintiff Sudnick urges the Court to deny with prejudice Defendant Shaw's motion to set aside the default.[2]

## II.   LEGAL AND FACTUAL GROUNDS FOR THE COURT TO DENY, WITH PREJUDICE, DEFENDANT SHAW'S MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

### A.   Applicable Law/Standard of Review

Fed. R. Civ. P. 55(c) allows for the setting aside of an entry of default for "good cause." Although it is well established that "modern federal procedure favor[s] trials on the merits," *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C. Cir. 1980), it nevertheless is the case that the decision whether to grant or deny a motion to

---

[2] To the extent that the Court is inclined to and does deny the motion without prejudice, or is inclined to accord opportunity to Defendant Shaw to amend or re-file the motion so as to comply with all legal requirements discussed below (which, under these facts, Plaintiff Sudnick believes is not merited), then Plaintiff Sudnick respectfully requests that the Court order development of the record as to Defendant Shaw's willing default by requiring the Government and Defendant Shaw to produce to the Court (with a copy to Defendant Sudnick) all communications concerning the subject matter of both Defendant Shaw's request for substitution of the Government as a party for Defendant Shaw and Defendant Shaw's request (as well as the Government's response to the request) to be represented by Government legal counsel. These communications bear on the credibility of Defendant Shaw's contention that his default was not willful and on the accuracy of his representations to the Court as to his communications with Department of Defense and Department of Justice officials (including legal counsel) as to such subject matter. (To the extent that either Defendant Shaw or the Government might contend that any such communications were or are privileged (Plaintiff Sudnick contends that no such privilege existed), then it should be noted that

set aside a Clerk's entry of default is committed to the sound discretion of the trial court. The trial court's decision to deny a motion to set aside the Clerk's entry of default will not be disturbed on appeal unless the trial court has abused its discretion. *See Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) (noting standard of review).

In deciding motions to set aside a Clerk's entry of default, in a number of cases Courts have applied and balanced the same criteria used in deciding Fed. R. Civ. P. 60(b) motions to set aside default judgments, namely, whether: (1) the default was willful, (2) the alleged defense was meritorious, and (3) a set-aside would prejudice plaintiff. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *see also CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992); *Jackson*, 636 F.2d at 835 (quoting *Keegel*, 627 F.2d at 374).

LCvR 7(g) has as its purpose the giving of effect to factor #2 (alleged defense was willful) by compelling the defaulting party to answer the complaint by way of verified complaint (under oath) and, pursuant to the Federal Rules of Civil Procedure, allege in the answer applicable defenses to the claims. This provides the Court with an adequate evidentiary and legal basis for making a determination whether the alleged defenses are meritorious. This is inadequate ground for the Court to judge whether one or more presented defense(s) is "sufficient to bar the claim in whole or in part" where the Court does not have sufficient factual evidentiary and legal context.

### B.    Uncontroverted (and Incontrovertible) Facts of Record

The following facts are established by the evidentiary record of this case, and, thus, are incontrovertible:

---

Defendant Shaw's representations to the court with respect to the subject matter of his communications

1.      Defendant Shaw was served with the Summons and Complaint – in his capacity as an individual defendant, <u>not</u> in his former capacity as a Deputy Undersecretary of Defense – on 18 April 2006.  *See* Return of Service/Affidavit of Summons and Complaint Executed.  John A. Shaw served on 18 April 2006 (Docket Entry #4); Affidavit in Support of Default (Docket Entry # 8).  The Summons appropriately stated on its face that Defendant Shaw had 60 days to respond to the Complaint by coming to Court.

2.      Defendant Shaw did not come to Court.

3.      At a minimum, the Department of Justice warned Shaw – as well as advised the Court – in footnote 1 to the Department of Justice's motion on behalf of Defendant Department of Defense for an extension of time to answer or otherwise respond to the Complaint – that no decision had been made by the Department of Justice to represent Defendant Shaw, and, therefore, the motion to extend time to answer the Complaint was <u>not</u> a motion by Defendant Shaw.  The Department of Justice served such notice on Defendant Shaw on or about 8 June 2006 by depositing the motion in the mail, addressed to Defendant Shaw at his residence— the same address that Defendant Shaw has listed as his address of record on Defendant Shaw's Motion to Set Aside Clerk's Entry of Default.  The Justice Department-prepared motion on behalf of Department of Defense for extension of time placed Defendant Shaw on notice that Plaintiff Sudnick opposed granting Defendant Shaw, through Department of Justice or the Department of Defense, any extension of time to answer or otherwise reply to the Complaint.  *See* Department of Defense Motion for Extension of Time at p.1, fn.1 and Certificate of

---

with Government counsel constitute subject matter waiver of any such privilege.)

Service (Docket Entry # 3). Thus, Defendant Shaw was on actual notice that he was at risk of default.

4. Even so, Defendant Shaw willfully did nothing to appear in the case or come before the Court in his capacity as an individual defendant, or otherwise.

5. Plaintiff Sudnick's opposition to Department of Defense's Motion to Extend Time further warned that Defendant Shaw would be in default if he did not answer or seek an extension of time as of the date of Plaintiff's opposition. Plaintiff Sudnick's opposition was served on Defendant Shaw by being placed in the U.S. Mails on 19 June 2006. *See* Plaintiff Sudnick's Opposition in Part to Department of Defense's Motion for Extension of Time to Answer or Otherwise Respond at p.3 (heading "The time for Defendant Shaw to file an answer or other responsive pleading has come and gone" and text that follows; *see also*, Certificate of Service of Plaintiff Sudnick's Opposition (all at Docket Entry # 5).

6. Nevertheless, Defendant Shaw did not appear before the Court, move for an extension of time or otherwise attempt to answer or respond to the Complaint. *See* Affidavit in Support of Default (Docket Entry #8).

7. On 20 June 2006, the Court denied Department of Defense's motion for an extension of time requested for Defendant Shaw, holding that the Department of Justice, as counsel for Department of Defense but not for Defendant Shaw, had no standing to seek relief for Defendant Shaw. *See* Minute Order dated 20 June 2006 (Judge Ellen S. Huvelle).

8. On 20 June 2006, Plaintiff Sudnick filed an Affidavit in Support of Default pertaining to Defendant Shaw. *See* Docket Entry # 8.

9. On 21 June 2006, the Court Clerk entered the Notice of Default. *See* Docket Entry #9.

10. Among other things pertinent to this opposition to Defendant Shaw's motion, Plaintiff Sudnick's Complaint states the following vis-à-vis Defendant Shaw that are relevant to Defendant Shaw being before the Court in his individual capacity and run contrary to and undermine Defendant Shaw's contention that he acted reasonably in believing that the U.S. Government either owed him a defense or would provide a defense:

    a. Complaint at paras 38 and 39:

        38. On October 28, 2004, Shaw wrongfully released to *Financial Times of London* and the *Washington Times* a statement that Russian commandoes had removed high grade explosives from Iraq in the days before the March 2003 invasion.

        39. In early December 2004, DoD terminated Shaw from his position and severed all relationship of Shaw to DoD for this reason . . .."

    b. Complaint at para 40:

        40. On information and belief, prior to and subsequent to DoD's termination of Shaw, Shaw knowingly published and republished the false representations of fact, in other than his official capacity, that Plaintiff Daniel Sudnick had engaged in unethical and illegal conduct, including factual representations that Plaintiff Sudnick either asked for and/or received bribes.

    c. Complaint at paras 57 and 61:

57.   In composing and causing the statements to be published in the print and broadcast news and other media outlets, Defendant Shaw acted with malice, had knowledge that the statement was false, and/or acted with a reckless disregard for the truth and without reasonable grounds to believe that the statement was true.

\*   \*   \*

61.   In composing the False Light Statements and causing the False Light Statements to be published in print and broadcast news media and other media outlets (including the Internet), Defendant Shaw acted with malice, had knowledge that the statement was false, and/or acted with reckless disregard for the false light in which he was placing Plaintiff Sudnick.

C.   **Material Misstatements by Defendant Shaw in Support of His Motion to Set Aside Clerk's Entry of Default**

Defendant Shaw makes the following material misstatements of fact and law in support of his motion to set aside the Clerk's entry of default against him:

Misstatement #1: "At all relevant times, Defendant was employed as the Deputy Undersecretary of Defense for International Technology Security, and, in the execution of that office, was also assigned the title of Director, International Armament and Technology Trade (IATT) in the Office of the Inspector General". *See* Motion to Set Aside Entry of Default at para 1 (Docket Entry #13).

Fact: Defendant Shaw was not "employed as the Deputy Undersecretary of Defense" and also "assigned the title of Director for International Armament and Technology Trade (IATT) in the Office of the Inspector General" "at all relevant times" (emphasis added). As the Complaint makes absolutely clear, in very plain English,

-11-

Defendant Shaw's complained-of illegalities extend well beyond any claim he may assert (or attempt to assert) that the claims Plaintiff Sudnick is prosecuting against Defendant Shaw arise from his performance of his former official duties as a senior officer of the Department of Defense.  *See* Complaint at Paragraphs 38-39, 40, 57 and 61.

Precisely to the contrary.

The Privacy Act and other law imposed upon Defendant Shaw an affirmative official duty <u>not</u> to release or discuss his allegations concerning Plaintiff Sudnick to the public, the violation of which is actionable.  This is particularly true because the allegations were unfounded and false.

And, as alleged in the Complaint, Defendant Shaw's actionable conduct occurred – and continues to occur – outside his former employment with the Department of Defense.

Thus, Defendant Shaw actually knew that he is being sued in his individual capacity, and that he must respond to the Complaint within the 60 days stated in the Summons, or suffer the consequences of his default.

Any implication or statement to the contrary is wholly without merit.

<u>Misstatement #2</u>: "The claims against Defendant arise from actions taken by him during his tenure as Deputy Undersecretary of Defense and/or Director, IATT."  *See* Motion to Set Aside Entry of Default at para 2 (*Id.*).

<u>Fact</u>: As the Complaint states in plain English, and as discussed immediately above, any casual reader of the Complaint is placed on <u>actual notice</u> that Plaintiff Sudnick's claims against Defendant Shaw in his individual capacity arise from acts of Defendant Shaw that are outside – legally and temporally – the scope and course of Defendant Shaw's "tenure as Deputy Undersecretary of Defense and/or Director, IATT."

Again, Defendant Shaw therefore had actual knowledge that he is being sued in his individual capacity, and that he must respond to the Complaint within the 60 days stated in the Summons, or suffer the consequences of his default.

And again, any implication or statement to the contrary is wholly without merit.

Misstatement #3: "Defendant was informed that OGC had filed a Motion for Extension of Time to respond to the Complaint on his behalf." *See* Motion to Set Aside Entry of Default at para 3 (*Id.*).

Fact: As established above, at the very minimum, Defendant Shaw was informed to the contrary by the Department of Justice on or about 8 June 2006, when the Department of Justice served Defendant Shaw with Department of Defense's motion for extension of time that stated (again, in very plain English):

> "[N]o decision had been made by the Department of Justice to represent Defendant Shaw."

*See* Department of Defense Motion for Extension of Time at p.1, fn.1 and Certificate of Service (Docket Entry # 3).

Furthermore, this very same document put Defendant Shaw on notice that Plaintiff Sudnick opposed the motion. *Id.* at para 3 ("Plaintiff's counsel has responded that plaintiff would have no opposition to an extension motion if, but only if, the motion sought an extension of defendant Department of Defense's time to respond to the Complaint, but that he would not consent to the motion if it seeks an extension of defendant Shaw's deadline.").

Additionally, Defendant Shaw – just as each other person – is charged with actual knowledge of the law that no defendant is relieved of the obligation to answer or otherwise respond to a complaint or summons merely by the filing of an opposed motion for extension of time to respond.

Accordingly, any implication that his willful neglect is excusable by virtue of the fact that the Justice Department had filed an opposed motion for extension of time is wholly without factual basis and legal merit.

Misstatement #4: "On Wednesday, June 21, 2006, . . . [Department of Defense Office of General Counsel] informed the Defendant that no decision had been made as to

-13-

when the Department of Justice might file a motion to substitute parties, despite its prior representations to him indicating that a motion to substitute would be filed before a response to the Complaint was due." *See* Motion to Set Aside Entry of Default at para 5 (*Id.*).

Fact:  As indisputably established above, Defendant Shaw had actual knowledge that "no decision had been made by the Department of Justice to represent Defendant Shaw" on or about 8 June 2006, when he was served by the Department of Justice with the Department of Defense Motion for Extension of Time.

Accordingly, Defendant Shaw's representation that he was so informed "[o]n Wednesday, June 21, 2006" is false statement by omission.

Defendant Shaw does not deny that he was informed earlier; he misleadingly omits the reference to this fact in his unsworn statements to the Court.

Again, as with every other person, Defendant Shaw was charged with actual knowledge of the law that no defendant is relieved of the obligation to answer or otherwise respond to a complaint or summons merely by the filing of an opposed motion for extension of time to respond.

And again, any implication that his willful neglect is excusable by virtue of the fact that the Justice Department had filed an opposed motion for extension of time is wholly without factual basis and legal merit.

Misstatement #5: "By virtue of the fact that the allegations in the Complaint concern actions Defendant may have taken during his tenure as Deputy Undersecretary of Defense and/or Director, IATT, Defendant believed that the Department of Justice and/or the Department of Defense would represent him in this matter.  As such, he did not retain his own attorney to file his own motion for an extension of time to respond to the complaint." *See* Motion to Set Aside Entry of Default at para 7.

Fact: Defendant Shaw had absolutely no reasonable factual basis upon which to form any good faith belief that "the Department of Justice and/or the Department of

Defense would represent him in this matter", given the actual knowledge on Defendant Shaw's part that:

    (1)    The Complaint alleges claims and liability on Defendant Shaw's part (wholly separate and aside from the Privacy Act violations) arising out of his individual actions falling outside the legal and temporal scope and course of his former employment (and, thus, outside of any qualified immunity that he might have enjoyed as a Department of Defense official);

    (2)    As of 8 June 2006 and continuing thereafter, "no decision had been made by the Department of Justice to represent Defendant Shaw";

    (3)    As of 8 June 2006 and continuing thereafter, Defendant Shaw was on actual notice that Plaintiff Sudnick opposed any motion by the Department of Justice for an extension of time on behalf of non-appearing Defendant Shaw;

    (4)    Defendant Shaw is charged with actual knowledge of the law (as stated on the face of the Summons) that Defendant Shaw must answer or otherwise respond to the Complaint within 60 days or face the consequences; and

    (5)    Defendant Shaw is charged with actual knowledge of the law that Defendant Shaw was not excused from this requirement merely by the fact that the Department of Justice had inappropriately sought to extend its motion for extension of time to cover him, even though he was not represented by the Department of Justice.

    **D.**    **Defendant Shaw's Default Was Willful, His Neglect Purposeful, and, Therefore, His Default Not Excusable**

Given the totality of this evidence of record, and the absence of any evidence to the contrary, there are good and sufficient grounds for the Court to find that Defendant Shaw willfully defaulted, and that his neglect was purposeful, not excusable.

    **E.**    **Defendant Shaw Has Stated <u>No</u> Defense Whatsoever, Much Less Presented a Verified Answer Presenting a Defense Sufficient to Bar the Claims in Whole or In Part**

Defendant Shaw has not presented <u>any</u> defense. The furthest Defendant Shaw has gone toward satisfying this – the second essential factor that he must show in order to be entitled to relief from default – is his making the following conclusory, unsupported statement and inadequate representation in the last paragraph of his motion:

> . . . Defendant respectfully requests that this Court set aside the entry of default and allow Defendant until at least July 21, 2006, to . . . respond to the Complaint by an answer or motion presenting affirmative defenses, such as immunity.

Defendant Shaw Motion to Set Aside Entry of Default at p3.

Of course, to be entitled to relief from default, it is Defendant Shaw's burden to prove that he has such an availing meritorious defense. He has not done so.

Nevertheless, Plaintiff Sudnick notes to the Court that Defendant Shaw's allusion to the defense of immunity is particularly unavailing. As shown above, Plaintiff Sudnick's Complaint clearly states facts in support of the claims against Defendant Shaw that, if true (and such facts must be assumed to be true in the context of a Rule 12 motion to dismiss), defeat any claim of immunity that Defendant Shaw might assert.

**F.     Plaintiff Sudnick Would Suffer Prejudice by the Court Setting Aside Defendant Shaw's Default**

Plaintiff Sudnick would suffer prejudice by the Court setting aside Defendant Shaw's Default and allowing Plaintiff Sudnick to proceed to obtain judgment on the default.

Plaintiff Sudnick has brought this lawsuit to vindicate his reputation, recover his good name and remedy the additional extreme and egregious harm caused to him by Defendant Shaw's malicious conduct and Privacy Act violations as alleged in the Complaint. This harm – and the need for the most expeditious of remedies, a judgment

against Defendant Shaw – continues to this day.  In cases such as this, time is always of the essence.

Defendant Shaw has willfully defaulted and has offered no defense, and Plaintiff Sudnick continues to be harmed.  *See* Complaint at Para 35:

> 35.   To this day, such defamatory and false allegations concerning Plaintiff continue to appear and are republished on the Internet, and are accessible to the world through various commonly-used search engines, including Google, Yahoo, AOL, etc., as a direct consequence of the Illegal DoD Sudnick Privacy Act Information Disclosures.

The sooner judgment is entered, the sooner Plaintiff Sudnick will be able to begin getting back his good name and reputation.  Any delay in entering judgment against Defendant Shaw only serves Defendant Shaw's wrongful interests in perpetuating the malicious falsehoods he has originated, published and spread with the intent to destroy Plaintiff Sudnick's good name and reputation (as alleged in the Complaint).

In addition, Plaintiff Sudnick already has suffered the financial prejudice of incurring the attorneys fees and cost associated with responding to Defendant Shaw's wholly deficient and not-well-taken motion to set aside the Clerk's entry of default.  Accordingly, Plaintiff Sudnick reserves the right to move for imposition of sanctions against Defendant Shaw on such basis to recover the additional financial detriment thus caused to him.

### III.   CONCLUSION

For the reasons stated above, Plaintiff Sudnick most strongly urges the Court to deny Defendant Shaw's motion to set aside the Clerk's entry of default, let the Clerk's entry of default stand, and thus allow Plaintiff Sudnick to thereafter move the Court to enter default judgment against Defendant Shaw at which Plaintiff Sudnick will present

evidence of that quantifies the damage caused to him by Defendant Shaw's actionable, illegal conduct.

In the alternative, to the extent that the Court is inclined to and does deny the motion without prejudice, or is inclined to accord opportunity to Defendant Shaw to amend or re-file the motion so as to comply with all legal requirements discussed below then Plaintiff Sudnick respectfully requests that the Court order the Government and Defendant Shaw to produce to the Court (with a copy to Defendant Sudnick) <u>all</u> communications concerning the subject matter of both Defendant Shaw's request for substitution of the Government as a party for Defendant Shaw and Defendant Shaw's request (as well as the Government's response to the request) to be represented by Government legal counsel so that the Court may properly evaluate the full extent of Defendant Shaw's willing default.

DATE:        4 July 2006                    Respectfully submitted,


                                            _____/s/_____
                                            Timothy B. Mills  DC Bar #425209
                                            Maggs & McDermott LLC
                                            910 17th Street N.W., Suite 800
                                            Washington, D.C. 20006
                                            Telephone:  (202) 457-8090

                                            Attorneys for Plaintiff Daniel Sudnick

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, in addition to serving Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Shaw's Motion to Set Aside Clerks Entry of Default (to which this certificate is attached) by filing it electronically, the undersigned has deposited a true and complete copy of same in the United States mail, first class postage pre-paid, on 4 July 2006, addressed as follows to the following party to this action who has not yet entered an appearance in this action:

John Shaw
3555 Hamlet Place
Chevy Chase, Maryland 20815

                                                  _____/s/_____
                                                  TIMOTHY B. MILLS