UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL SUDNICK, et al.,                )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No.
                                        )        06-00654 (ESH)
DEPARTMENT of DEFENSE and               )
JOHN A. SHAW                            )
                                        )
        Defendants.                     )
_____     )

DEPARTMENT OF DEFENSE'S RESPONSE
TO MOTION TO SET ASIDE ENTRY OF DEFAULT

PRELIMINARY STATEMENT

        Even in ordinary situations, courts disfavor the resolution of litigation on the basis of

such non-merits considerations as a defendant's default.  This case is unusual, in that a default

has been entered against an individually named defendant under circumstances that could,

potentially, operate to the detriment of the United States, even though the United States is not

even a defendant in this case.  The individual defendant, John Shaw, has moved to have the

default against him set aside.  Because that motion would seem to be well-grounded even if this

were a run-of-the-mill civil action, and because additional reasons support the opening of the

default here, defendant John Shaw's Motion to Set Aside Entry of Default should be granted.[1]

_____

    [1]  The undersigned do not now represent Shaw, and do not file this Response on his behalf.
Rather, the government supports Shaw's motion because the relief he seeks could inure to the
benefit of the government, and would otherwise serve the interests of justice.  The governmental
defendant has a particular interest in responding to Shaw's motion, in light of plaintiff's
suggestion that the Court enter what would amount to an unwarranted discovery order against
the government if the Court decides not to deny Shaw's motion with prejudice.

## STATEMENT OF THE CASE

The plaintiff in this case asserts claims sounding in tort against John Shaw, a former employee of the United States Department of Defense. According to the Complaint, at least some of the tortious acts giving rise to plaintiff's claims were connected to Shaw's work as a government employee. See, e.g., Complaint ¶¶ 12, 15. Consequently, Shaw was served with a Summons giving him sixty days to respond to the Complaint, rather than the twenty days typically allowed in cases against individual defendants. Rule 12(a)(3)(B).[2] The purpose of this sixty-day rule is to afford time to the United States to determine whether or not to represent an individual defendant in a case to which it applies. Advisory Committee Note to 2000 Amendment to Rule 12.

As Shaw indicates in his motion, one question that has arisen in this case is whether the United States might be substituted for Shaw, at least with regard to some aspect of this case, under the Westfall Act, 28 U.S.C. § 2679. Under that statute, a tort claim against a federal employee arising out of actions undertaken within the scope of that employee's government employment is converted to a claim against the United States upon certification by the government that the "scope of employment" test is met. The Westfall Act does not contain any time limits for such certification in a case brought in federal court. No decision with regard to certification has been made at this point. The statute contains no time limit for the government to make such a decision for a case such as this one that is filed in federal court.

---

[2] The drafters of the rules purposely avoided language that would condition the application of that rule on the individual defendant's having acted within the scope of his or her employment. See Advisory Committee Notes to 2000 Amendment to Rule 4(i)(2)(B), Fed.R.Civ.P.

In addition to naming Shaw as a defendant, plaintiff alleges claims under the Privacy Act against the Department of Defense. Because the government needed (and still needs) more time to determine the particulars of its defense against these claims, on June 8, 2006, the federal government moved for an extension of its time to respond to the Complaint. Because it appeared that giving Shaw more time to respond as well would help the parties and the Court proceed efficiently in this case, and would provide more time for Shaw's representation in this case to be worked out, the government asked for an extension of his time as well. On June 20, 2006, the Court granted the government more time to respond, but ruled that "[u]ntil the Department of Defense (sic) enters an appearance on behalf of John Shaw, it cannot seek relief on his behalf." On that same day, plaintiff filed an affidavit indicating when Shaw had been personally served with process, and suggesting that Shaw was in default. On June 21, 2006, the Clerk entered a default as to Shaw. On June 22, 2006, plaintiff filed returns of service as to the United States Attorney, the Attorney General, and the Department of Defense. Also on June 22, 2006, Shaw moved <u>pro se</u> to open the default.[3]

DISCUSSION

1. Under Rule 55(a), Fed.R.Civ.P., a clerk is to enter a "default" against a party who has not responded to a pleading seeking relief against that party. Following the entry of a default, a "default judgment" may be sought, but, in a case not involving liquidated damages, may only be entered upon application to the Court. Rule 55(b)(2), Fed.R.Civ.P. "Default judgments are not favored by modern courts, perhaps because it seems inherently unfair to use the court's power to

---

[3] The docket sheet for this case indicates that the motion was entered on June 23, which was the date on which it was electronically served (having been served by mail on June 22), apparently because it was filed in hard copy, rather than electronically.

3

enter and enforce judgments as a penalty for delays in filing." <u>Jackson v. Beech</u>, 636 F.2d 831,

835 (D.C. Cir. 1980). In light of this consideration, doubts as to whether or not a default should

be opened are to be resolved in favor of the defaulting party. <u>Enron Oil Corp. v. Diakuhara</u>, 10

F.3d 90, 96 (2d Cir.1993). This is particularly so when that party appears <u>pro</u> <u>se</u>. <u>Id</u>. This case

has not even proceeded to the "default judgment" stage. Plaintiff has not moved for a hearing on

damages or otherwise sought entry of a default judgment. Under these circumstances, the policy

articulated in <u>Jackson</u> would certainly seem to support entry of the relief that Shaw seeks.

    2. Setting aside the default against Shaw appears appropriate for reasons going beyond

policy.

        a. First, as a technical matter, the default against Shaw was entered prematurely.

Pursuant to Rule 55(a), a default may be entered when a party's failure to respond to a complaint

on time "is made to appear by affidavit or otherwise." In this case, plaintiff acknowledges that

Shaw's deadline for defending against the Complaint was to be computed under Rule

12(a)(3)(B), which governs claims brought against "[a]n officer or employee of the United States

in an individual capacity for acts or omissions occurring in connection with the performance of

duties on behalf of the United States." Rule 12(a)(3)(B) sets the deadline for someone in Shaw's

position at the sixtieth day after service on the individual defendant, or on the United States

Attorney, whichever is later. In this case, the date of service on defendant Shaw was

demonstrated on the record by the filing of a return of service on Shaw on June 19, 2006; and by

an Affidavit in Support of Default, filed on June 20, 2006.[4] The default as to Shaw was filed on

---

   [4] On June 19, 2006, plaintiff also filed another document, with respect to the Department of
Defense's Motion for Extension of Time, in which plaintiff noted the date on which defendant
Shaw had been personally served, and the fact that his response to the Complaint was due on

June 21, 2006.  It was not until June 22, 2006, that plaintiff filed a return of service as to the United States Attorney.  Because the rules allow a default only once a party's failure to respond is made apparent, and because not all the facts necessary to compute Shaw's response time had been made apparent on the record until June 22, the June 21 default seems to have been entered too early.

    b.  The test to be applied in resolving a motion to set aside a default under Rule 55(c) also appears to support a decision in favor of Shaw.  That test has three elements:  (1) whether the default was willful, (2) whether the plaintiff would suffer prejudice if the default is set aside, and (3) whether the defaulting defendant has a meritorious defense.  <u>Jackson</u>, 636 F.2d at 836.  While the same standards apply to a motion to set aside a default judgment, they are to be applied less rigorously in a case involving a Rule 55(a) default than in a Rule 55(b) default judgment situation.  <u>Meehan v. Snow</u>, 652 F.2d 274, 276-77 (2d Cir. 1981); <u>Int'l Painters & Allied Trades Union v. H.W. Ellis Painting Co., Inc.</u>, 288 F.Supp.2d 22, 26 (D.D.C. 2003).  Application of these factors is to involve balancing.  <u>Id</u>.  Defendant Shaw's position seems to be supported by consideration of all three of these factors.

        i.  The willfulness standard seems easily met here.  For purposes of a Rule 55(c) motion, "[t]he boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."  <u>Int'l Painters</u>, 288 F.Supp. 2d at 26.  Shaw's failure to plead within the time limits set by the rules does not appear to have been willful.

---

June 19, 2006.

Shaw explains that he thought he need not do anything more than he did, until after his time to respond to the Complaint had passed.  He says that the fact that he is being sued about events that began while he was employed by the Defense Department led him to believe that the government would represent him in this matter.  Whether or not that belief was reasonable,[5] Shaw seems at least to have had a subjective belief that he did not need to take further action to protect his interests.  This should be enough to demonstrate that Shaw did not choose to default in this case.  Indeed, the fact that within two days after entry of the default, and less than a week after the deadline for responding to the Complaint had passed, Shaw took action to protect his interests by filing the present motion, indicates that he had no intention of simply ignoring plaintiffs' claims against him.

     ii.  Plaintiff does not appear to have identified any actual prejudice to him flowing from a lifting of the default.  Without citing authority in this regard, he asserts in his opposition to Shaw's motion that this is a case in which time is of the essence.  Plaintiff waited several years after the dates on which he alleges Shaw committed torts against him before filing his lawsuit.  See Complaint ¶ 16.  Under those circumstances, having to litigate this case on its merits before obtaining relief would hardly seem to constitute prejudice.  See Pratt v. Philbrook, 109 F.3d 18, 22 (1st Cir. 1997) (rejecting notion that "prejudice" for purposes of deciding whether to reopen case includes "hav[ing] a case reopened after it has been closed

---

 [5]  In this regard, the undersigned note that the Defense Department's Motion for Extension of Time, which was served on Shaw on June 8, 2006, expressly noted that the Justice Department did not, at that time, represent him, although an extension of his time was, in fact, sought in that motion.  Docket Entry 3.  Further, while Shaw says in the present motion that representations were made to him by Defense Department personnel that a response to the Complaint would be made on his behalf before the deadline for such a response, the government does not intend by this filing to make any concessions in this regard.

advantageously by an opponent's default"). Plaintiff also claims prejudice by virtue of his having opposed the present motion. That assertion, though, appears rather circular; if the motion is otherwise meritorious, the fact that plaintiff spent energy responding to it should not be a basis for denying the motion.

               iii. Further, the Court should recognize the prospect of defendant's being able to articulate a legitimate defense. For these purposes, "[a] defendant's allegations are considered meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." 288 F.Supp.2d at 28 (citation omitted). Defendant Shaw's motion mentions that he might be entitled to a defense of "immunity." Given that some or all of the claims against Shaw might, indeed, disappear if the United States is substituted for Shaw as a defendant under the Westfall Act, and in light of Shaw's pro se status, this reference to "immunity" should be seen as at least "a hint of a suggestion" of a defense.[6]

     3. The fact that the claims against Shaw arose from his federal employment provides additional reasons for the Court to grant the relief that Shaw requests. Because of the nature of the claims against Shaw, the possibility exists that the United States will step into his shoes as a defendant under the Westfall Act. But because no decision has been made by the government in

---

   [6] While Rule 7(g) of the Local Rules of this Court requires that a motion to open a default be accompanied by a "verified answer presenting a defense sufficient to bar the claim in whole or in part," Shaw's motion should not be denied for failure to do so, because, as explained above, the default as to which he moves was entered prematurely. At a minimum, Shaw seems entitled to an opportunity to file a verified answer should the Court consider one necessary before his motion is granted. See Ali v. Mid-Atlantic Settlement Services, Inc., 235 F.R.D. 1 (D.D.C. 2006) (denying request to certify for interlocutory appeal order granting leave to file verified answer in support of earlier-filed motion to open default, in light of clear and well-settled law in this circuit strongly disfavoring default judgments where there is reasonable expectation that case can be resolved on merits).

that regard (and the statute does not set a time limit for making such a decision), the government has had to rely on Shaw, a pro se litigant, to plead in response to plaintiff's claims. Particularly where the government already sought an extension of Shaw's time to respond to the Complaint, it would be unfair to keep the default against Shaw in place, at least insofar as the default could operate against the government. Indeed, if the United States is substituted for Shaw with regard to some or all of the claims against him, no default judgment could be entered on the substituted claims without proof by plaintiff of the government's liability. Rule 55(e), Fed.R.Civ.P.

4. In responding to Shaw's motion, plaintiff has asked the Court to handle Shaw's motion in an uncalled-for manner if the Court is not inclined to deny Shaw's motion with prejudice. Specifically, in that event, plaintiff asks the Court to order both Shaw and the government to provide to the Court information about Shaw's request that the government handle his representation. Imposing that kind of disclosure obligation would not be appropriate. For one thing, the present motion to open the default can, it appears, be resolved on the current record for the reasons given above. Second, as even plaintiff recognizes, see Plaintiff Sudnick's Memorandum of Points and Authorities In Opposition to Defendant Shaw's Motion to Set Aside Clerk's Entry of Default at 7-8 n.2, requiring the sort of disclosure sought by plaintiff could raise knotty issues of privilege. Third, plaintiff's request that defendants be ordered to provide information at this stage would, if granted, evade the rules governing factual development in federal litigation; those rules generally require inter-party discovery before involving the Court. Rules 26, 37, Fed.R.Civ.P. The Court can avoid turning a slight default by a pro se defendant into a discovery imbroglio by simply granting Shaw's motion.

5. For the reasons set forth above, defendant Shaw's motion to set aside the default that

has been entered against him should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
JUDRY L. SUBAR (D.C. Bar No. 347518)
U.S. Department of Justice, Civil Division
Federal Programs Branch, Rm. 7342
20 Massachusetts Avenue, N.W.
Washington, DC 20530
(202) 514-3969

Attorneys for Defendant Dep't of Defense

9

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certify that, in addition to serving the Department of Defense's

Response to Defendant Shaw's Motion to Set Aside Default to which this certificate is attached

by filing it electronically, the undersigned have made arrangements for the service of the Motion

by first class mail on July 5, 2006, on one party to this action who has not yet appeared

electronically, at the following address:

John Shaw
3555 Hamlet Place
Chevy Chase, Maryland 20815

_____/s/_____
JUDRY L. SUBAR

10