UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL SUDNICK, et al.,            )
                                   )
            Plaintiff,             )
                                   )
            v.                     )            Civil Action No.
                                   )            06-00654 (ESH)
DEPARTMENT of DEFENSE and          )
JOHN A. SHAW                       )
                                   )
            Defendants.            )
_____    )

ANSWER OF DEFENDANT DEPARTMENT OF DEFENSE

Defendant Department of Defense hereby answers plaintiff's Complaint in this action, as follows:

FIRST DEFENSE

To the extent the claims asserted against the Department of Defense in this action arose more than two years before the filing of the Complaint, those claims are barred by the applicable statute of limitations.

SECOND DEFENSE

Plaintiff's Complaint fails to state a claim as to which relief may be granted against the Department of Defense.

THIRD DEFENSE

To the extent plaintiff seeks a jury trial as to claims against defendant Department of Defense, a jury trial is barred under principles of sovereign immunity.

FOURTH DEFENSE

Defendant Department of Defense responds to the specific allegations of the Complaint, using the same paragraph numbers as are used in the Complaint, as follows:

The preliminary material found before paragraph 1 constitutes plaintiff's characterization of this action as to which no response is necessary. To the extent a response is deemed necessary, that material is denied.

1. The allegations of the first sentence of this paragraph constitute legal conclusions as to which no response is necessary. To the extent a response is deemed necessary, the allegations of that sentence are denied. The allegations of the second sentence of this paragraph are legal conclusions, and relate solely to the claims against defendant John Shaw; therefore no response is necessary. To the extent a response is deemed necessary, the allegations of that sentence are denied.

2. Defendant Department of Defense does not contest venue in this Court with regard to the claims against it, and does not take a position as to venue with regard to the claims against defendant Shaw.

3. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

4. Defendant Department of Defense admits the allegations of this paragraph.

5. Defendant Department of Defense denies that John A. Shaw was a Deputy Inspector General and admits the balance of the allegations of this paragraph.

6. Defendant Department of Defense denies that the Coalition Provisional Authority was the occupation government of Iraq, and denies that the activity to which reference is made in the first sentence of this paragraph commenced during July 2003, but otherwise admits the allegations of the first sentence of this paragraph. Defendant Department of Defense admits the allegations in the second and third sentences of this paragraph.

2

7.  Defendant Department of Defense admits that plaintiff was employed by the Department of Defense before being assigned to the Coalition Provisional Authority, and otherwise denies the allegations of this paragraph.

8.  To the extent plaintiff's use of the phrase "such Senior Advisor" incorporates all or some of the allegations of paragraph 7, defendant Department of Defense expressly incorporates by reference its responses to paragraph 7 as if fully set forth in this paragraph, and otherwise admits the allegations of this paragraph.

9.  Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

10.  Defendant Department of Defense admits the allegations of this paragraph.

11.  Defendant Department of Defense admits that Liberty Mobile was an unsuccessful bidder for a mobile phone license, that Liberty Mobile involved at least one acquaintance of Shaw who was in the private sector, that Shaw communicated with at least one such acquaintance around the time of the Iraq mobile phone competition, and that Liberty Mobile had proposed Code Division Multiple Access mobile phone technology, and otherwise lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

12.  Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

13.  Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

14.  Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

15. Defendant Department of Defense denies that Shaw was a DoD Deputy Inspector General during time periods to which some of the allegations of the Complaint appear to relate. The allegation that some of those times are relevant to the allegations of the Complaint is a conclusion of law as to which no response is necessary; to the extent a response is deemed necessary, that allegation is denied. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

16. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of the portion of this paragraph preceding the lettered subparagraphs. As to those subparagraphs, defendant Department of Defense responds as follows. Defendant Department of Defense admits that some of the language found in those subparagraphs is found in at least one e-mail from Shaw to plaintiff, but, because not all of the e-mails to which reference is made in those subparagraphs have yet been located, defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the accuracy of the characterizations of, and purported quotations from, all of those e-mails. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations found in the balance of this paragraph.

17. Defendant Department of Defense admits that plaintiff made a report of at least some conduct of Shaw to the Department of Defense Inspector General. The allegation that that conduct constituted misconduct constitutes a legal conclusion as to which no response is necessary; to the extent a response is deemed necessary, that allegation is denied. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

4

18. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

19. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

20. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the accuracy of the date alleged in this paragraph, and admits the balance of the allegations of this paragraph.

21. The allegations that the disclosures to which reference is made in this paragraph were illegal, and the allegations that certain items were or are Privacy Act records, constitute conclusions of law as to which no response is necessary. To the extent a response is deemed necessary, those allegations are denied. Defendant Department of Defense admits that at various times Shaw provided some information to various media reporters. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

22. The use of the term "Illegal DoD Sudnick Privacy Act Information Disclosures" constitutes a conclusion of law as to which no response is necessary. To the extent a response is deemed necessary, the allegations encompassed by the use of that term are denied. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

First paragraph numbered 23. The use of the term "Illegal DoD Sudnick Privacy Act Information Disclosures" constitutes a conclusion of law as to which no response is necessary. To the extent a response is deemed necessary, the allegations encompassed by the use of that

term are denied.  Defendant Department of Defense lacks knowledge and information sufficient

to form a belief as to the balance of the allegations of this paragraph.

Second paragraph numbered 23.  The allegations of this paragraph constitute conclusions

of law as to which no response is necessary.  To the extent a response is deemed necessary, those

allegations are denied.

24.  The use of the term "Illegal DoD Sudnick Privacy Act Information Disclosures"

constitutes a conclusion of law as to which no response is necessary.  To the extent a response is

deemed necessary, the allegations encompassed by the use of that term are denied.  Defendant

Department of Defense admits that an article containing language similar to that set out in

subparagraph A of this paragraph is found in a May 9, 2004 Washington Times article, but

denies that that subparagraph fully and accurately quotes the language of the article.  Defendant

Department of Defense admits that an article containing language similar to that set out in

subparagraph B of this paragraph is found in another Washington Times article, but denies that

that subparagraph fully and accurately quotes the language of the article, and further denies that

that article appeared in the June 6, 2004 edition of the Washington Times, as alleged.  Defendant

Department of Defense admits that an article containing the language set out in subparagraph C

of this paragraph is found in a March 29, 2005 Newsmax article, but denies that that

subparagraph fully quotes the language of the article.  Defendant Department of Defense lacks

knowledge and information sufficient to form a belief as to the balance of the allegations of this

paragraph.

25.  To the extent this paragraph alleges that violations of the Privacy Act occurred, those

allegations constitute conclusions of law as to which no response is necessary; to the extent a

response is deemed necessary, those allegations are denied.  To the extent this paragraph alleges that plaintiff's reputation was damaged, or would be further damaged, defendant Department of Defense lacks knowledge and information sufficient to form a belief as to those allegations. Defendant Department of Defense admits that balance of the allegations of this paragraph.

26.  To the extent this paragraph alleges that Shaw violated the Privacy Act and that illegal disclosures occurred, those allegation constitute conclusions of law as to which no response is necessary.  To the extent a response is deemed necessary, those allegations are denied..  To the extent this paragraph alleges that Sudnick's reputation was harmed, defendant Department of Defense lacks knowledge or information sufficient to form a belief as to that allegation.  The balance of the allegations of this paragraph are denied.

27.  The allegations of this paragraph constitute conclusions of law as to which no response is necessary.  To the extent a response is deemed necessary, those allegations are denied.

28.  The allegations of this paragraph constitute conclusions of law as to which no response is necessary.  To the extent a response is deemed necessary, those allegations are denied.

29.  The use of the term "Illegal DoD Sudnick Privacy Act Information Disclosures" constitutes a conclusion of law as to which no response is necessary.  To the extent a response is deemed necessary, the allegations encompassed by the use of that term are denied.  Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

30.  Defendant Department of Defense has not identified any communication meeting the

description set out in this paragraph, and therefore denies knowledge and information sufficient to form a belief as to the allegations of this paragraph.

31. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

32. The use of the term "Illegal DoD Sudnick Privacy Act Information Disclosures" constitutes a conclusion of law as to which no response is necessary. To the extent a response is deemed necessary, the allegations encompassed by the use of that term are denied. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

33. Defendant Department of Defense has not identified any report meeting the description set out in this paragraph, and therefore lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

34. Defendant Department of Defense notes that the allegations of this paragraph do not provide sufficient detail as to the matters that they allege to allow the Department of Defense to form a belief as to those allegations. Therefore, the Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

35. The use of the term "Illegal DoD Sudnick Privacy Act Information Disclosures" constitutes a conclusion of law as to which no response is necessary. To the extent a response is deemed necessary, the allegations encompassed by the use of that term are denied. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

36. Defendant Department of Defense has not identified any determination to which

reference appears to be made in this paragraph, and therefore denies knowledge and information sufficient to form a belief as to the allegations of this paragraph.

37. The allegations of this paragraph constitute conclusions of law as to which no response is necessary. To the extent a response is deemed necessary, those allegations are denied.

38. Defendant Department of Defense admits that at some point in time, defendant Shaw made a statement to at least one media outlet, including the Washington Times, relating to his purported belief that Russian agents or operatives had removed weaponry from Iraq shortly before the March 2003 invasion. Defendant Department of Defense notes that the term "wrongfully" as used in this paragraph is vague, and therefore lacks knowledge and information sufficient to form a belief as to any allegations inherent in the use of that term. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

39. Defendant Department of Defense admits that defendant Shaw's employment relationship with the Department of Defense was severed during December 2004. As to the balance of the paragraph, defendant Department of Defense notes that the phrase "his position" is too vague, and the circumstances of the severance of Shaw's employment relationship with the Department of Defense were too complex, to allow for admission or denial. Therefore, defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the balance of the allegations of this paragraph.

40. Defendant Department of Defense lacks knowledge and information sufficient to form a belief as to the allegations of this paragraph.

41.  In response to this paragraph, defendant Department of Defense incorporates by reference the responses to paragraphs 1 through 40 set out above.

42-44.  The allegations of these paragraphs constitute conclusions of law as to which no response is necessary.  To the extent a response is deemed necessary, they are denied.

45.  In response to this paragraph, defendant Department of Defense incorporates by reference the responses to paragraphs 1 through 44 set out above.

46-49.  The allegations of these paragraphs constitute conclusions of law as to which no response is necessary.  To the extent a response is deemed necessary, they are denied.

50.  In response to this paragraph, defendant Department of Defense incorporates by reference the responses to paragraphs 1 through 49 set out above.

51-52.  The allegations of these paragraphs constitute conclusions of law as to which no response is necessary.  To the extent a response is deemed necessary, they are denied.

53.  In response to this paragraph, defendant Department of Defense incorporates by reference the responses to paragraphs 1 through 52 set out above.

54-58.  The allegations of these paragraphs purport to state claims against defendant Shaw, but not as to defendant Department of Defense; therefore no response by the Department of Defense is necessary.  To the extent a response from the Department of Defense is deemed necessary, the Department of Defense notes that the allegations of these paragraphs constitute conclusions of law to which no response is necessary, and, to the extent a response is deemed necessary, deny them.

59.  In response to this paragraph, defendant Department of Defense incorporates by reference the responses to paragraphs 1 through 58 set out above.

10

60-62.  The allegations of these paragraphs purport to state claims against defendant Shaw, but not as to defendant Department of Defense; therefore no response by the Department of Defense is necessary.  To the extent a response from the Department of Defense is deemed necessary, the Department of Defense notes that the allegations of these paragraphs constitute conclusions of law to which no response is necessary, and, to the extent a response is deemed necessary, deny them.

63.  In response to this paragraph, defendant Department of Defense incorporates by reference the responses to paragraphs 1 through 62 set out above.

64-66.  The allegations of these paragraphs purport to state claims against defendant Shaw, but not as to defendant Department of Defense; therefore no response by the Department of Defense is necessary.  To the extent a response from the Department of Defense is deemed necessary, the Department of Defense notes that the allegations of these paragraphs constitute conclusions of law to which no response is necessary, and, to the extent a response is deemed necessary, deny them.

67.  In response to this paragraph, defendant Department of Defense incorporates by reference the responses to paragraphs 1 through 66 set out above.

68-73.  The allegations of these paragraphs purport to state claims against defendant Shaw, but not as to defendant Department of Defense; therefore no response by the Department of Defense is necessary.  To the extent a response from the Department of Defense is deemed necessary, the Department of Defense notes that the allegations of these paragraphs constitute conclusions of law to which no response is necessary, and, to the extent a response is deemed necessary, deny them.

The material in the Complaint under the heading "Prayer for Relief" under the subheading "RELIEF PRAYED FOR AGAINST DEFENDANT DoD," as well as any of the material under the heading "Jury Demand" which is deemed to relate to plaintiff's claims against the Department of Defense, constitutes plaintiff's demands as to defendant Department of Defense as to which no response is necessary. To the extent a response is deemed necessary, allegations found in that material are denied.

The balance of the Complaint consists of plaintiff's demands as to defendant Shaw, but not as to defendant Department of Defense; therefore, no response by the Department of Defense is necessary. To the extent a response from the Department of Defense is deemed necessary, allegations found in that portion of the Complaint are denied.

Any allegations in the Complaint not specifically admitted are hereby denied.

WHEREFORE, defendant Department of Defense respectfully asks this Court to enter judgment in its favor, and against plaintiff, with regard to all claims against it, with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
JUDRY L. SUBAR (D.C. Bar No. 347518)
U.S. Department of Justice, Civil Division
Federal Programs Branch, Rm. 7342
20 Massachusetts Avenue, N.W.
Washington, DC  20530
(202) 514-3969

12

Attorneys for Defendant Dep't of Defense