UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL SUDNICK,                              )
                                             )
        Plaintiff,                           )
                                             )
        v.                                   )          Civil Action No.
                                             )          06-00654 (ESH)
DEPARTMENT of DEFENSE and                    )
JOHN A. SHAW                                 )
                                             )
        Defendants.                          )
                                             )

**PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION
OF DISMISSAL OF CLAIMS AGAINST DEFENDANT JOHN A. SHAW**

Pursuant to Federal Rules of Civil Procedure 59(e), Plaintiff Daniel Sudnick respectfully

asks the Court, by this unopposed  to reconsider and set aside the Court's 17 August 2006 minute

order ruling that: (a) Plaintiff Sudnick conceded Defendant John A. Shaw's motion to dismiss

Plaintiff's claims by virtue of not filing a response within 11 days of 31 July 2006 (the date that

Defendant Shaw filed the motion to dismiss; and (b) accordingly, Defendant Shaw's motion to

dismiss should be granted.

## I.    <u>PRELIMINARY STATEMENT</u>

This motion is unopposed by Defendant Shaw.  Defendant Department of Defense takes

no position as to this motion.

On 11 August 2006 – before the time had expired for Plaintiff to file his opposition to

Defendant Shaw's motion to dismiss – the parties agreed among themselves during the Rule

26(j) conference that Plaintiff should have through 25 August 2006 to file and serve its

opposition to Defendant Shaw's motion to dismiss and Defendant Shaw should have through 19

September 2006 to file his reply to the opposition (accommodating Defendant Shaw's counsel's scheduled vacation from 31 August through 11 September 2006).

Furthermore, on 14 August 2006, one of the DOJ counsel for Department of Defense notified Plaintiff that: (a) the government had decided to certify that Defendant Shaw acted within the scope of his employment for purposes of the Westfall Act as to Plaintiff's claims made against Defendant Shaw in his individual capacity; and (b) the Government plans to file a motion seeking to substitute the United States in place of Defendant Shaw when trial counsel of record for Department of Defense returns to the office.

As of Thursday, 17 August 2006, counsel for Plaintiff Sudnick was in the process of finalizing an unopposed motion documenting the mutually-agreed upon extension of time for the filing and serving of Plaintiff's opposition and Defendant Shaw's reply and a proposed order for the Court's consideration to give effect to the extended briefing schedule for the motion to dismiss.

Counsel for Plaintiff Sudnick apologizes to the Court for not having apprised the Court of such agreement by the Parties by way of filing such motion earlier. Plaintiff's counsel was under the misapprehension that, in light of such clear agreement of the parties, it would be sufficient to present such agreed motion for extension of time and a proposed order to the Court in advance of the parties' agreed extended date for the filing of Plaintiff's opposition. Plaintiff's counsel regrets the inconvenience caused to the Court and the parties by this misunderstanding.

Upon learning of the Court's minute order on 18 August 2006, Plaintiff's counsel conferred with counsel for Defendant Shaw as to whether Defendant Shaw would not oppose this motion. Counsel for Defendant Shaw authorized counsel for Plaintiff to represent to the Court

that Defendant Shaw does not oppose this motion to set aside the dismissal and re-open the

briefing schedule per the agreement of all parties to allow Plaintiff additional time to oppose the

motion to dismiss and Defendant Shaw the agreed additional time to reply to the opposition.  On

18 August 2006, Plaintiff's Counsel also commenced conferring by e-mail with counsel for

Defendant Department of Defense as to its position with respect to this motion for

reconsideration and to set aside the dismissal.  Plaintiff's counsel received Defendant

Department of Defense's response today (23 August 2006) that Defendant Department of

Defense takes no position as to this motion.

Plaintiff Sudnick thus most respectfully asks that the Court: (1) grant reconsideration; (2)

sets aside the dismissal of the claims against Defendant Shaw on the basis that Plaintiff Sudnick

conceded the motion by failing to file an opposition to the motion; (3) allow Plaintiff Sudnick to

file and serve his opposition to Defendant Shaw's motion to dismiss on 25 August 2006 and

allow Defendant Shaw to file his reply to the opposition by not later than 19 September 2006;

and (4) thereafter decide Defendant Shaw's motion to dismiss on the merits.

## II.    STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION

### A.    STATEMENT OF RELEVANT PROCEDURAL HISTORY AND FACTS

1.    On 6 July 2006, the Court granted Defendant Shaw's motion to set aside the

Clerk's entry of default and set 21 July 2006 as the due date for Defendant Shaw to answer or

otherwise respond to the Complaint.

2.    On 21 July 2006, counsel for Defendant Shaw entered his appearance. Prior to

entering his appearance, counsel for Defendant Shaw requested counsel for Plaintiff to agree to

an extension of time through 31 July 2006 to file and serve a motion to dismiss responsive to the Complaint. Counsel for Plaintiff agreed to Defendant Shaw's motion seeking the extension. The Court gave effect to the agreed-upon extended due date of 31 July 2006 by entering the order on the agreed motion.

3.      On 25 July 2006, counsel for the parties initially conferred to set a date for the parties' Rule 26(j) conference. Although the parties first agreed that the Rule 26(j) conference should take place on Friday, 28 July 2006, the parties subsequently postponed the Rule 26(j) conference to the morning of Friday, 11 August 2006.

4.      On 31 July 2006, Defendant Shaw, through counsel, filed and served the subject motion to dismiss.

5.      The Rule 26(j) conference was held as scheduled on the morning of Friday, 11 August 2006 by telephone conference call, with counsel for Plaintiff in Baghdad, Iraq and counsel for defendants in Washington, D.C. During the Rule 26(j) conference, counsel for Plaintiff requested and received agreement of counsel for each defendant to an extension of time through and including 25 August 2006 for Plaintiff to file and serve Plaintiff's opposition memorandum to Defendant Shaw's motion. Counsel for Defendant Shaw requested and received agreement from counsel for Plaintiff Shaw and Defendant Department of Defense to an extension of time through 19 September 2006 for Defendant Shaw to file his reply to Plaintiffs' opposition.

6.      On 14 August 2006, a further telephonic conference occurred between Plaintiff's counsel and an attorney from the Department of Justice concerning substantive matters that have the potential to bear on Defendant Shaw's then-pending motion to dismiss.

8.     On 17 August 2006, the Court *sua sponte* granted Defendant Shaw's motion to dismiss on the ground that the motion was unopposed by Plaintiff.

9.     On 18 August 2006, Plaintiffs' counsel conferred with counsel for Defendant Shaw to ascertain whether counsel for Defendant Shaw would oppose Plaintiff's present motion for reconsideration. Counsel for Defendant Shaw stated that Defendant Shaw does not oppose the motion to the extent that Plaintiff is seeking to lift the dismissal and re-open the briefing schedule per the earlier agreement of all parties to allow Plaintiff additional time to oppose the motion to dismiss and Defendant Shaw the agreed additional time to reply to the opposition. Counsel for Defendant Shaw asked that it be made clear to the Court that there is no agreement by any of the parties (nor any contention by Plaintiff) that Defendant Shaw's motion to dismiss has been withdrawn. It has not.

10.     Also on 18 August 2006, Plaintiff's counsel initiated conference by e-mail with counsel for Defendant Department of Defense to determine whether such defendant would oppose this motion. On 23 August 2006, counsel for Defendant Department of Defense notified Plaintiff's counsel that Defendant Department of Defense takes no position as to this motion.

11.     This motion for reconsideration followed.

12.     As of today (23 August 2006), no judgment has been entered on the order granting Defendant Shaw's motion to dismiss.

## B.     AUTHORITIES

District courts have broad discretion to grant or deny a motion for reconsideration. *Colby v. Norton*, 226 F.Supp.2d 175, 177 (D.D.C. 2002) (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233-234, (1995). "The Court may invoke its discretion and deny such a motion unless

it finds an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Id.*

Although the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such motions, if served within 10 days of the entry of judgment, are considered motions to alter or amend judgments pursuant to Fed. R. Civ. P. 59(e). Again, such motions for reconsideration are entrusted to the Court's sound discretion, and may generally be granted for the same three reasons: (1) an intervening change in the law; (2) evidence not previously available has become available; or (3) the necessity to correct a clear error of law or prevent manifest injustice.

## C.    ARGUMENT

### 1.    The Court Should Exercise Its Discretion to Grant Reconsideration and Set Aside the Dismissal of the Claims Against Defendant Shaw Because Evidence of the Parties' Agreement to an Extended Briefing Schedule for the Filing of Plaintiffs' Opposition and Defendant Shaw's Reply Has Newly Become Available

Plaintiff Sudnick submits that the undisputed facts – including the parties' agreement to an extended briefing schedule and the absence of opposition by any party to this motion for reconsideration – provides good cause for the Court to exercise its discretion to reconsider and set aside the dismissal of Plaintiff's claims against Defendant Shaw.

Through the mistake/inadvertence of Plaintiff's counsel, the Court did not have before it evidence of the parties' mutual agreement – before the time that Plaintiffs' opposition memorandum was due – to an extended briefing schedule. The Court also did not have before it evidence of Plaintiff's commitment to oppose Defendant Shaw's motion to dismiss by filing an appropriate memorandum of points and authorities by the Parties' agreed date – 25 August 2006. Plaintiff remains committed to doing so, and, with the permission of the Court, will do so.

2.     **The Court Should Grant Reconsideration and Set Aside the Dismiss of Plaintiff's Claims Against Defendant Shaw to Prevent Manifest Injustice**

The Court's dismissal of Plaintiffs' claims against Defendant Shaw, if not set aside on reconsideration, is likely to result in manifest injustice to Plaintiff Sudnick.  Notwithstanding the Government's certification and intent to substitute itself for Defendant Shaw, and Defendant Shaw's contention that the claims should be dismissed as time-barred under statute of limitations, the Court's dismissal would preclude Plaintiff of the opportunity to seek leave to amend the Complaint, should the Court ultimately agree with Defendant Shaw as to the merits of the motion to dismiss after having considered Plaintiff Sudnick's opposition and Defendant Shaw's reply.

Plaintiff Sudnick submits that this is good and sufficient ground for the Court to grant reconsideration and set aside the dismissal of the claims.

\*          \*          \*          \*          \*

For the foregoing reasons, Plaintiff Sudnick respectfully asks the Court to grant this motion for reconsideration and set aside the dismissal.

A supporting sworn declaration of Plaintiff's counsel and proposed order is attached.

Dated:  23 August 2006
Washington, D.C.

Respectfully submitted,

_____/s/_____
Timothy B. Mills
D.C. Bar No. 425209
Maggs & McDermott LLC
910 17th Street, N.W.
  Suite 800
Washington, D.C. 20006
(202) 457-8090
*Attorney for Plaintiff Daniel Sudnick*

## STATEMENT OF CONFERENCE (LCvR 7(m))

Pursuant to Local Civil Rule 7(m), counsel for Plaintiff Daniel Sudnick has discussed this Motion for Reconsideration by e-mail, in a good faith effort to determine whether there is opposition to the relief sought and to narrow the area of disagreement.  Counsel for Defendant Shaw has advised that Defendant Shaw does not oppose this motion.  Counsel for Defendant Department of Defense (DoD) has advised that Defendant DoD takes no position concerning this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of August 2006, I electronically transmitted the attached

document:

>      PLAINTIFF'S UNOPPOSED MOTION FOR RECONSIDERATION OF DISMISSAL
>      OF CLAIMS AGAINST DEFENDANT JOHN A. SHAW, SUPPORTING
>      DECLRATION OF COUNSEL AND PROPOSED ORDER THEREON

to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file,

the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants

counsel for Defendant John A. Shaw and Defendant Department of Defense:

>      Paul C. Rauser
>      The Aegis Law Group
>      901 F Street, N.W., Suite 500
>      Washington, DC 20004
>      *Attorney for Defendant Shaw*
>
>      JUDRY L. SUBAR (D.C. Bar No. 347518)
>      U.S. Department of Justice, Civil Division
>      Federal Programs Branch, Rm. 7342
>      20 Massachusetts Avenue, N.W.
>      Washington, DC  20530
>      *Attorneys for Defendant Dep't of Defense*

>      /s/ Timothy B. Mills