UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, )<br>)<br>   Plaintiff, )<br>)<br>      v. )<br>)<br>DEPARTMENT of DEFENSE and )<br>JOHN A. SHAW )<br>)<br>   Defendants. )<br>_____) | Civil Action No.<br>06-00654 (ESH) |

**REPORT OF THE PARTIES SUBMITTED
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 26(F) AND LOCAL RULE 16.3(D)**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3(d), the parties respectfully report on the following items discussed among counsel for the parties in the course of a conference of counsel held telephonically on August 10, 2006:

(1) Whether: (a) the case is likely to be disposed of by dispositive motion; and (b) whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Positions of the Parties:

A. Plaintiff and Defendant Department of Defense each are of the view that the claims might be resolved on motions (or cross-motions) for summary judgment following completion of discovery. Defendant Shaw is of the view that the claims against Defendant Shaw might be resolved on Defendant Shaw's pending motion to dismiss. The United States intends to file a motion for at least partial substitution of the United States in place of defendant Shaw pursuant to the Westfall Act, 28 U.S.C. § 2679.

B. Plaintiff does not recommend to the court or agree that discovery or other matters should await a decision on Defendant Shaw's motion to dismiss. Defendant Shaw recommends to the court that discovery and other matters await a decision on Defendant Shaw's motion to dismiss. The Department of Defense recommends that discovery and other matters await a decision on both the substitution and dismissal motion that it intends to file shortly, and Defendant Shaw's motion to dismiss.

(2) (a) The date by which any other parties shall be joined or the pleadings amended, and (b) whether some or all the factual and legal issues can be agreed upon or narrowed.

Positions of the Parties:

A. Plaintiff believes that no other parties will be joined as to the Privacy Act claims, but that additional parties may be joined and the pleadings amended as to other claims, if additional causes of action and parties are discovered during the course of discovery. Therefore, plaintiff is of the view that the cutoff date for joining other parties and amending the pleadings should not be any earlier than the cutoff date for filing dispositive motions. Defendants Department of Defense and Shaw are of the view (which also is agreed in by plaintiff) that joinder and amendment might occasion further discovery, and, accordingly, if joinder or amendment is sought and granted (either by motion or as of right), the parties should be permitted to engage in further discovery on issues relating to such joinder or amendment.

B. Plaintiff and defendant Department of Defense each believe that the Privacy Act factual and legal issues might be able to be narrowed. Plaintiff believes that the factual and legal issues respecting defendant Shaw may be able to be narrowed through discovery. Defendant Shaw believes that all claims against him will be dismissed upon the Court's consideration of his

motion to dismiss, and, therefore, offers no view on subsequent narrowing of the issues.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

Positions of the Parties:

Plaintiff and defendant Department of Defense each do not consent to assignment of the case to a magistrate for all purposes. Defendant Shaw would consent to assignment of the case to a magistrate for all purposes.

(4) Whether there is a realistic possibility of settling the case.

Positions of the Parties:

All parties agree that it is too soon to assess whether there is a realistic possibility of settling the case, and that this question might ripen, and, thus, should be revisited by the parties as this case develops.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or

production through discovery of specific items of information; and

        (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

   (v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Positions of the Parties:

All parties agree that it is too soon to assess whether there is a realistic possibility of settling the case, and that this question might ripen, and, thus, should be revisited by the parties as this case develops.

(6)    (a) Whether the case can be resolved by summary judgment or motion to dismiss; (b) dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Positions of the Parties:

A.    Plaintiff and defendant Department of Defense each is of the view that the Privacy Act claims may be resolved by cross-motions for summary judgment after some or all discovery is completed. Plaintiff also is of the view that the claims against defendant Shaw may be resolved by a motion for summary judgment after all discovery is completed. Defendant Shaw is of the view (as noted above) that the claims against him will be resolved upon the Court's consideration of his motion to dismiss.

  B. All parties agree that the cutoff date for the filing of summary judgment motions should be 120 days after the discovery cutoff, with oppositions due 30 calendar days thereafter and replies due 15 calendar days after receipt of the opposition, provided that such schedule may be modified to provide for additional time for good cause shown.

  (7) (a) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and (b) if not, what if any changes should be made in the scope, form or timing of those disclosures.

  <u>Positions of the Parties</u>:

  A. The parties each agree that there is no reason to dispense with the initial disclosures required by Rule 26(a)(1).

  B. The parties agree that the date for initial disclosures be agreed on by conference of the parties on September 14, 2006 (the date of the initial scheduling conference) and that the initial disclosures should occur not later than 29 September 2006, unless a later date appears appropriate in light of whatever discussion might be had in the course of the initial scheduling conference.

  (8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

  <u>Position of the Parties</u>:  Plaintiff anticipates that sufficient discovery will require a series of interrogatories, requests for production of documents, requests for admissions, followed by depositions of the parties and witnesses, including third party Department of Defense officials

and media witnesses. Plaintiff proposes a discovery cutoff date for fact discovery 10 months following the commencement of discovery, subject to extension by motion and order of the court upon good cause shown. Defendant Shaw has no objection to the foregoing, if the claims against him survive his motion to dismiss. The Department of Defense is not yet certain of the anticipated extent of discovery, but it has no objection to the discovery cutoff proposed by plaintiff.

  The parties anticipate entry of an agreed protective order to apply to material that is recognized under applicable law as being entitled to protection from public disclosure.

  (9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

  Position of the Parties:  The parties agree that the due date for Rule 26(a)(2) expert witness reports should be set 60 calendar days after the cutoff date for fact discovery. Depositions of experts should occur 60 days after exchange of expert witness reports. The schedule should be subject to modification for good cause shown.

  (10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

  Position of the Parties: Not applicable.

  (11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

Plaintiff's Position: Plaintiff believes that discovery should be bifurcated into phases of entitlement (merits of the claims) followed by damages, with summary judgment motions brought on issues of entitlement following the completion of discovery as to entitlement; and discovery on damages proceeding after the Court rules on the summary judgment motions on entitlement.

Defendants' Position: Each defendant opposes bifurcation.

(12)    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Position of the Parties: Subject to the needs of the Court and taking into account the schedules of counsel, the parties suggest that the pretrial conference should be scheduled for a date approximately 90 days following the Court's resolution of final summary judgment motion(s).

(13)    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

Position of the Parties: The Court should set a trial date at the pretrial conference.

(14)    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Position of the Parties:  None applicable.

(15)    Local Rule 16.3(d) – Parties' filing of proposed scheduling order.

Position of the Parties:  The Parties respectfully state that in light of the pendency of Defendant Shaw's Motion to Dismiss, and the anticipated filing of a motion for substitution and

dismissal by the government, the Court should defer requiring a more formal proposed scheduling order from the parties than the present report until after the discussion of the scheduling of this matter that will occur at the initial scheduling conference to be held on September 14, 2006.

Respectfully submitted,

_____/s/_____
Timothy B. Mills
D.C. Bar No. 425209
Maggs & McDermott LLC
910 17th Street, N.W., Suite 800
Washington, D.C. 20006
(202) 457-8090
*Attorneys for Plaintiff*


PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
JUDRY L. SUBAR
D.C. Bar No. 347518
U.S. Department of Justice
Civil Division
Federal Programs Branch, Rm. 7342
20 Massachusetts Avenue, N.W.
Washington, DC  20530
(202) 514-3969
*Attorneys for Defendant Dep't of Defense*

                                                                                  /s/_____

Paul C. Rauser
The Aegis Law Group
901 F Street, N.W.
Suite 500
Washington, DC 20004
(202) 737-3500
*Attorney for Defendant Shaw*