UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 06-00654 (ESH) |
| DEPARTMENT of DEFENSE and ) | |
| JOHN A. SHAW ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF DANIEL SUDNICK'S MEMORANDUM OF
POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT SHAW'S MOTION TO DISMISS**

COMES NOW Plaintiff Daniel Sudnick, through counsel, to oppose the Defendant John A. Shaw's motion to dismiss Plaintiff's claims stated against Shaw in Counts Four (Defamation), Five (False Light Invasion of Privacy), Six (Intentional Infliction of Emotional Distress) and Seven (Negligent Infliction of Emotional Distress) of Plaintiff Sudnick's complaint.

Defendant Shaw seeks dismissal of each of the claims against him on two separate and independent grounds: (1) purported Westfall Act immunity; and (2) statute of limitations. Each ground is fatally flawed, and, for the reasons stated herein, cannot be the basis for the dismissal of Plaintiff's claims against Defendant Shaw.

**I.  PLAINTIFF'S STATEMENT OF POSITION AND SUGGESTED DISPOSITION OF DEFENDANT'S MOTION TO DISMISS IN LIGHT OF THE GOVERNMENT'S ANTICIPATED WESTFALL ACT CERTIFICATION AND MOTION FOR SUBSTITUTION**

The Government has notified the Court, Plaintiff and Shaw that the Government intends to file a limited Westfall Act certification and then will seeking to substitute the Government for

Defendant Shaw as to Counts Four through Seven of Plaintiff's complaint premised on Shaw's acts while Shaw was employed at the Department of Defense (DoD).

The Government has not yet provided Plaintiff with its certification or motion for substitution.

However, Plaintiff anticipates – with a substantial degree of certainty – that upon achieving substitution (and thereby converting Plaintiff's claims against Shaw into tort claims against the Government under the Federal Tort Claims Act (FTCA)), the Government will move to dismiss Counts Four through Seven on grounds that Plaintiff has not exhausted the FTCA administrative claims process, which is a prerequisite to the Court exercising jurisdiction over FTCA claims.  There is no dispute that Plaintiff has not yet exhausted the FTCA administrative claims process.  However, it is clear to Plaintiff that under 28 U.S.C. 2679(d)(5), upon substitution, Plaintiff has the legal right to pursue the FTCA administrative claims process, and, if that administrative process does not result in resolution of the claims stated in Counts Four through Seven, to then seek judicial review.[1]

So long as the Government provides Plaintiff with sufficient factual evidence that establishes to the satisfaction of Plaintiff (under summary judgment standards) that Shaw was acting in the scope of his DoD office and employment as to the conduct complained of in Counts Four through Seven (equivalent to what Plaintiff would receive in Westfall discovery) prior to the 14 September 2006 initial scheduling conference, then Plaintiff would agree to a stipulated

---

[1] 28 U.S.C. 28 U.S.C. 2679(d)(5) provides:  **(5)** Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675 (a) of this title, such a claim shall be deemed to be timely presented under section 2401 (b) of this title [Time for Commencing Actions Against the United States] if—
**(A)** the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
**(B)** the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

order for dismissal of Counts Four through Seven on the basis that Plaintiff has not exhausted the FTCA administrative claims process as to those claims.  (Plaintiff reserves the right to contravene the Government's Westfall certificate (including the right to seek discovery, subsequent briefing and an evidentiary hearing on the issue of whether Shaw was acting within or outside of the scope of his DoD office and employment) if the Government does not produce such satisfactory evidence.)

Such an agreed resolution would moot Defendant Shaw's motion to dismiss.

Plaintiff reserves its right – and intends to bring a Federal Rule of Civil Procedure Rule 15 motion – for leave to amend the Complaint to state additional claims against Defendant Shaw for which the Government has no legal right or authority to make a Westfall certification or seek to substitute the Government for Shaw.[2]  *See* 28 U.S.C. 2679(b)(2)(A)-(B).[3]  These claims – premised upon: (1) Defendant Shaw's purposeful *Bivens* deprivation of Plaintiff Sudnick's Constitutionally-protected Liberty interest in his good name and employability without due process of law; and (2) violation of 42 U.S.C. 1985(3)[4], will include indisputably legally-

---

[2] After a responsive pleading has been filed, a complaint may be amended "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  While the court has sole discretion to grant or deny leave to amend, absent a sufficient reason to deny an amendment request, leave should be "freely given." *Forman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). The rationale for this liberal perspective is that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 182.

[3] 29 U.S.C. 2679(b)(2) provides that Westfall certification and substitution "does not extend or apply to a civil action against an employee of the Government—
(A) which is brought for a violation of the Constitution of the United States, or
(B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

[4] 42 U.S.C. 1985(3) states:
(3) Depriving persons of rights or privileges
If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such

recognizable claims for declaratory relief as well as preliminary and permanent injunctive relief against Shaw in his individual capacity. *See, e.g.*, *Hatfill v. Ashcroft*, 03-1793(RBW), Memorandum Opinion and Order Thereon, (D.D.C. Sept. 16,.2005) (Walton, J.) (for ease of reference, attached as Exhibit 1 to this Memorandum):

> [Plaintiff] Dr. Hatfill has stated a viable claim for violation of his Fifth Amendment rights. Thus, his request for declaratory and injunctive relief as to this claim survives the defendants' motion for dismissal.

Moreover, there can be no question that such claims against Shaw in his individual capacity will have been brought within the applicable statute of limitations – even if the claims are deemed as having been asserted as new claims , without any relation back. Under the law of the this Circuit, the statute of limitations for *Bivens* and 42 U.S.C. 1985(3) claims is three years.[5]

---

State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

[5] *See Hobson v. Brennan*, 625 F. Supp. 459, 467-68 (D.D.C. 1985) (three-year provision establishes the "general" personal injury statute of limitation period and better reflects the federal interests embodied in *Bivens* actions); *see also Banks v. Chesapeake & Potomac Tel. Co.*, 802 F.2d 1416, 1429 (D.C. Cir. 1986) (holding that a three-year statute of limitations under D.C. Code § 12-301(8) applied to plaintiff's § 1981 claims for race discrimination) (citing *Hobson*, 625 F. Supp. at 467-68); *Logiurato v. Action*, 490 F. Supp. 84, 90-91 (D.D.C. 1980) (holding that § 12-301(8)'s general limitations provision "applies to constitutional torts," including plaintiff's alleged violations of his First, Fifth and Eighth Amendment rights, which are "'significantly different in kind from those resulting from acts of private persons'") (quoting *Payne v. District of Columbia*, 559 F.2d 809, 817 n.32 (D.C. Cir. 1977) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 , 391-92 (1971).

## II. POINT AND AUTHORITIES IN OPPOSITION TO DEFENDANT SHAW'S MOTION TO DISMISS

### A. Defendant Shaw's Attempted Assertion of Westfall Act Immunity Does Not Meet Mandatory Minimum Legal Prerequisites, and, Thus Must Be Denied as Legally Insufficient, or, In the Alternative, As Not Ripe

Defendant Shaw's attempted assertion of Westfall Act immunity is legally fatally flawed, and, thus, should be denied for the following reasons.

Defendant Shaw asserts that the Court should find – solely on the basis of the unsworn argument in his motion to dismiss rather than on his presentation of evidence – that he was acting within the scope of his employment with the Department of Defense (DoD) when he engaged in the complained-of acts upon which Plaintiff premises the claims against Shaw.

Under this theory, Shaw quite without precedent asserts that the Westfall Act, 28 U.S.C. 2679(b)-(d): entitles Shaw to have the United States Government substituted for him as a defendant now, even:

(1) Without the Attorney General's 28 U.S.C. 2679(d)(1)-(2) certification of the scope of Shaw's office or employment (which may have been delayed but certainly has not been refused);

(2) Without adhering to the statutory requirement that Shaw may only petition the Court to find and certify that he was acting within the scope of his DoD office or employment upon the Attorney General <u>refusing</u> to certify the scope of Shaw's office or employment per 28 U.S.C. 2679(d)(1)-(2);

(3) Without presenting any <u>evidence</u> attesting that Shaw was acting within the scope of his DoD office or employment;

(4) Without due consideration for the clearly-stated facts of Plaintiff's claims state that Shaw's complained-of conduct continued beyond the time of his employment with DoD;

(5)  Without the Court granting Plaintiff sufficient discovery to allow Plaintiff to contravene Shaw's contentions as to his actions coming within the scope of his DoD employment, as is required under applicable precedent -- the procedure set forth in and required by *Kimbro v. Velten*, 30 F.3d 1501, 1508 (D.C. Cir. 1994) ("[i]f the Attorney General's certification [or, by analogy, defendant's petition] is based on a different understanding of the facts than is reflected in the complaint [as is the case here], the plaintiff should be permitted reasonable discovery and should then be called upon to come forward, as if responding to a motion for summary judgment, with competent evidence supporting the facts upon which he would predicate liability, as well as any other facts necessary to support a conclusion that the defendant acted beyond the scope of his employment. Stokes v. Cross, 327 F.3d 1210, 1214 (D.C. Dir. 2003), citing *Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994) and *Kimbro v. Velten*, 30 F.3d 1501, 1509 (D.C. Cir. 1994);[6] and

(6)  In the event either of a Westfall certification by the government or a petition by Shaw after the Attorney General has refused Shaw a Westfall certification, without the Court first conducting an evidentiary hearing so as to have sufficient <u>admissible evidence</u> to decide the question of whether Shaw was acting within or outside the scope of his DoD employment – again the procedure required by *Kimbro,* 30 F.3d 1508 ("[r]egardless of the content of the certification, the federal district court must at least conduct an evidentiary hearing on the scope issue." *Kimbro*, 30 F.3d at 1508. ''If there is a material dispute as to the scope issue,'' the court

---

[6] The District of Columbia Circuit has reiterated the *Kimbro* approach since the Supreme Court's decision in *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 420 (1995), stating that the certification is *not* conclusive regarding substitution of the federal government. Instead, the federal court may determine independently whether the employee acted within the scope of employment and, therefore, whether to substitute the federal government as the proper defendant. *Haddon v. United States*, 68 F.3d 1420, 1423 (D.C. Cir. 1995) (citing *Lamagno*, 515 U.S. at 434; *Kimbro*, 30 F.3d at 1505).

said, "the district court must resolve it at an evidentiary hearing." *Id*. at 1509. "[T]his procedure . . . is "in keeping with the statutory scheme[,which] does not really treat the certification as having any particular evidentiary weight.' *Id*. (Of course, if the Court finds that Shaw was acting outside of his DoD employment as to the alleged acts given rise to Plaintiff's claims against Shaw personally, then the Court must refuse to substitute the United States for Shaw.)

We further note that, under the law, although an Attorney General's certification creates a presumption of a *prima facie* effect, no such presumption arises from a Shaw Westfall petition – much less (as here) argument unsupported by evidence. The initial evidentiary burden rests with Shaw, not with Plaintiff. And Shaw has not met that burden.

For these reasons, Plaintiff respectfully urges the Court to deny Shaw's motion to dismiss Plaintiffs' Counts Four through Seven, premised as it is on Westfall grounds.

As noted in Plaintiff's preliminary statement (Section I of this Memorandum, *infra*), Plaintiff has no objection to an agreed order dismissing Counts Four through Seven for failure to exhaust the Federal Tort Claims Act administrative claims process once the Government certifies under Westfall, moves to substitute the Government for Shaw, and provides Plaintiff with sufficient evidence supporting the Government's contention that the acts of Shaw complained of in Counts Four through Seven were within the scope of Shaw's DoD office and employment.)

### B. Defendant Shaw's Attempted Assertion of the D.C. 1-Year Statute of Limitations to Defeat Plaintiff's Counts Four through Seven is Pre-Empted by the Two-Year Statute of Limitations Applicable Under the Federal Tort Claims Act

Defendant Shaw's attempted assertion of the District of Columbia one-year statute of limitations as a bar to Counts Four through Seven is pre-empted and precluded upon the

Government's Westfall Act certification and substitution of the Government for Shaw as a defendant.

While it may be the case that the D.C. one-year statute might apply to claims that do not have a Federal nexus, a Westfall Act substitution of the Government for Shaw transforms each and every of the Count Four through Seven claims into Federal Tort Claims Act claims against the Government. This makes applicable the two-year FTCA administrative claim statute of limitations set forth in 28 U.S.C. 2401(b):

> **§ 2401. Time for commencing action against United States**
>
> **(b)** A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency <u>within two years after such claim accrues</u> or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

As previously noted in Section I of this Memorandum, *infra*, upon substitution of the United States for Shaw and the dismissal of the claims for failure to first present a claim pursuant to the Federal Torts Claims Act (28 U.S.C. 2675(a)), then 28 U.S.C. 2679(d)(5), Plaintiff Sudnick's filing of Counts Four through Seven of the Complaint against Shaw will be deemed to have satisfied the timely-filing requirement of 28 U.S.C. 2401(b). *See*, 28 U.S.C. 2679(d)(5), *fn* 1 *supra*.

In light of the foregoing, Plaintiff respectfully urges that the proper disposition of the claims against Shaw in Counts Four through Seven is dismissal for Plaintiff's failure first to administratively present a claim under the FTCA (pursuant to 28 U.S.C. 2675(a)) once the Government has been substituted for Defendant Shaw.

Plaintiff thus further respectfully asks the Court to deny Defendant Shaw's motion to

dismiss brought on the grounds of the one-year District of Columbia statute of limitations. Should the Court not deny the motion outright in the absence of the Government's Westfall certification and substitution, then Plaintiff strongly submits in the alternative that Defendant Shaw's motion to dismiss should be denied without prejudice to Defendant Shaw being allowed to renew the statute of limitations challenge (*e.g.,* under Fed. R. Civ. P. 56) should substitution not occur.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff Daniel Sudnick respectfully requests that the Court deny Defendant Shaw's motion to dismiss.

Dated:  25 August 2006

                                                                    Respectfully submitted,

                                                                    _____/s/_____
                                                                    Timothy B. Mills
                                                                    D.C. Bar No. 425209
                                                                    Maggs & McDermott LLC
                                                                    910 17th Street, N.W.
                                                                      Suite 800
                                                                    Washington, D.C. 20006
                                                                    (202) 457-8090
                                                                    *Attorney for Plaintiff Daniel Sudnick*

# EXHIBIT 1

## TO PLAINTIFF SUDNICK'S MEMORANDUM

## OF POINTS AND AUTHORITIES IN OPPOSITION TO

## DEFENDANT SHAW'S MOTION TO DISMISS:

*Hatfill v. Ashcroft et al.*, Civil Action No. 03-1793 (RBW) (D.D.C.)

Memorandum Opinion

dated 16 September 2005

[Transmitted Electronically Through D.D.C. ECF System]

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August 2006, I electronically transmitted the attached documents:

>PLAINTIFF DANIEL SUDNICK'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SHAW'S MOTION TO DISMISS AND EXHIBIT 1 THERETO

to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants counsel for Defendant John A. Shaw and Defendant Department of Defense:

>Paul C. Rauser
>The Aegis Law Group
>901 F Street, N.W., Suite 500
>Washington, DC 20004
>*Attorney for Defendant Shaw*
>
>JUDRY L. SUBAR (D.C. Bar No. 347518)
>U.S. Department of Justice, Civil Division
>Federal Programs Branch, Rm. 7342
>20 Massachusetts Avenue, N.W.
>Washington, DC  20530
>*Attorneys for Defendant Dep't of Defense*

>/s/ Timothy B. Mills