UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL SUDNICK, et al., )
)
    Plaintiff, )
)
    v. ) Civil Action No.
) 06-00654 (ESH)
DEPARTMENT of DEFENSE and )
JOHN A. SHAW )
)
    Defendants. )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF THE UNITED STATES TO SUBSTITUTE AND TO DISMISS**

**PRELIMINARY STATEMENT**

When a common law tort claim is brought against an individual who, at the time of the alleged tort, was a federal employee acting within the scope of his or her employment, the United States is to be substituted as a defendant in place of the individual defendant. Upon such substitution, what had been a private tort claim becomes one governed by the Federal Tort Claims Act ("FTCA"). Under that statute, a plaintiff who has not exhausted his or her administrative remedies may not maintain an action in district court.

In this case, plaintiff asserts that a former federal employee is liable to him on several tort theories. An authorized Justice Department official has certified that the individual defendant was acting within the scope of his employment when he allegedly engaged in at least some of the allegedly defamatory action pled in the Complaint. Accordingly, the United States should be substituted in his place as a defendant to the full extent of the certification. Once substitution is effective, the claims against the United States must be dismissed because plaintiff did not exhaust his administrative remedies before he brought this action. That failure to exhaust

deprives this Court of jurisdiction over those claims.

## STATEMENT OF THE CASE

This case was brought by Daniel Sudnick against John Shaw, a former employee of the Department of Defense ("DoD"), who served at DoD from August 2001 through December 2004.[1] Sudnick alleges that during 2003, he was assigned to the Coalition Provisional Authority in Iraq, where he worked on contracting issues in connection with the development of a mobile telephone system. Complaint, §§ 7-9. During the course of that work, his Complaint relates, he had a number of interactions with Shaw. Complaint, §§ 12-16. According to the Complaint, in the course of those interactions each man asserted that the other was responsible for certain contracting improprieties. Complaint, §§ 13, 17, 20.

The focus of this lawsuit is on the alleged public disclosure by DoD personnel, in particular Shaw, of information about an investigation into the mobile telephone contracting issues. Complaint, § 21. Sudnick claims that Shaw wrongfully disclosed various pieces of information relating to the plaintiff, some of which was incorrect. Id. According to the Complaint, Shaw is liable to Sudnick in connection with those disclosures on four common law tort theories: defamation, false light invasion of privacy, and intentional and negligent infliction of emotional distress. Complaint, §§ 53-73.

The Attorney General's designee has certified that plaintiff's tort claims in this case relate to action taken by defendant Shaw that was within the scope of his employment for purposes of the Westfall Act, insofar as the claims relate to "incidents that occurred during his term of

---

[1] The Complaint also purports to state claims against the Department of Defense under the Privacy Act, 5 U.S.C. § 552a. Those claims are not at issue on this motion.

employment at the Department of Defense from August 2001 until December 2004." See Certification, attached as Exhibit A. As explained below, that certification transforms the "in scope" tort claims against the individual defendant into claims under the FTCA against the United States. Because plaintiff did not file an administrative claim for relief under the FTCA in connection with those claims, the substituted claims should be dismissed.

## ARGUMENT

### I. THE COURT SHOULD GRANT THE REQUEST OF THE UNITED STATES FOR SUBSTITUTION

The Westfall Act (more formally called the Federal Employees Liability Reform and Tort Compensation Act of 1988) governs cases in which common law tort claims are asserted against defendants who were federal employees acting within the scope of their employment when the allegedly tortious action occurred. Under that statute,

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of [the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680], and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). The Attorney General's authority to issue such a certification has been delegated to the Director of the Torts Branch of the Justice Department's Civil Division. 28 C.F.R. § 15.4. Such a certification "constitute[s] *prima facie* evidence that the employee was acting within the scope of his employment." Council on American Islamic Relations v. Ballenger, 444 F.3d 659, 662 (D.C. Cir. 2006). "'[A] plaintiff challenging the government's scope-of-employment certification bears the burden of coming forward with specific facts rebutting the certification.' Stokes v. Cross, 327 F.3d 1210, 1214 (D.C.Cir.2003) (internal

3

quotation marks and citation omitted)." Id.²

Phyllis Pyles, a Director of the Torts Branch of the Civil Division in the Department of Justice, has certified that plaintiff's allegations against defendant Shaw relate to action that Shaw took within the scope of his employment. See Certification, attached as Exhibit A.³ Therefore, absent a showing by plaintiff sufficient to rebut the conclusion articulated in the certification, the United States' request for substitution should be granted, and this case should proceed against the United States as an FTCA case as to all aspects of this case that fall within the scope of the government's Westfall Act certification.

---

² In his opposition to the pending Motion to Dismiss filed on behalf of defendant Shaw, plaintiff suggests that the government may obtain substitution only if it meets some evidentiary burden to demonstrate the appropriateness of substitution "to the satisfaction of Plaintiff." Plaintiff Daniel Sudnick's Memorandum of Points and Authorities In Opposition to Defendant Shaw's Motion to Dismiss ("Plaintiff Opposition to Shaw Motion"), at 2. But it is the plaintiff who bears a burden to assert facts that would demonstrate – to the satisfaction of the Court – that Shaw's actions were taken outside the scope of his DoD employment. Council on American Islamic Relations v. Ballenger, 444 at 662 (D.C. Cir. 2006); Stokes, 327 F.3d at 1214-15. Given the breadth of action considered to be within the scope of an employee's employment, see, e.g., Council on American Islamic Relations, 444 F.3d at 663-66 (holding that it was within scope of congressman's duties to speak with journalist in response to press inquiry during normal business hours, even when inquiry had to do with congressman's marital status), the likelihood is small that plaintiff in this case could successfully characterize Shaw's communications with the press about plaintiff, which occurred while Shaw was a DoD employee, as being outside the scope of Shaw's government employment.

³ The certification, by its terms, is temporally limited, as mentioned above. For the most part, the tort claims asserted by plaintiff against Shaw relate to matters occurring during the term of his employment at DoD. To the extent that the Complaint is read as encompassing claims arising after Shaw's Defense Department service, see Complaint, ¶ 40 (containing conclusory allegation that false representations of fact about plaintiff were made by Shaw "prior to and subsequent to DoD's termination of Shaw . . . in other than his officials (sic) capacity"), this motion does not relate to such post-employment allegations.

4

## II. PLAINTIFF HAS NOT EXHAUSTED HIS ADMINISTRATIVE REMEDIES; ACCORDINGLY, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER HIS FTCA CLAIMS

The FTCA is a limited waiver of the federal government's sovereign immunity. United States v. Orleans, 425 U.S. 807, 813 (1976); Loughlin v. United States, 393 F.3d 155, 158 (D.C. Cir. 2004). A plaintiff suing under the FTCA may not maintain a claim in federal court unless he or she has exhausted the administrative remedies prescribed in the statute, which require the presentation of his or her claims to the appropriate federal agency to give the agency an opportunity to address the claim before filing suit. McNeil v. United States, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675. A court lacks jurisdiction to hear an FTCA claim as to which the plaintiff has not fulfilled the exhaustion requirement. GAF Corp. v. United States, 818 F.2d 901, 904 (D.C.Cir.1987).[4] As the Court of Appeals for this Circuit has noted, the exhaustion requirement applies no less to cases instituted under the Westfall Act than to cases brought initially under the FTCA. See Mittleman v. United States, 104 F.3d 410 (D.C. Cir. 1997).

When a district court's subject matter jurisdiction is challenged, the plaintiff bears the burden of establishing the facts necessary to find that there is jurisdiction in the court hearing the case. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court may consider "facial" challenges to jurisdiction, in which the question is whether a plaintiff has adequately pled a basis for finding jurisdiction. I.T. Consultants, Inc. v. Republic of Pakistan, 351 F.3d 1184, 1188 (D.C. Cir. 2003) (discussing facial challenges in context of Rule 12(b)(1),

---

[4] Although there can be no question in this regard, any uncertainty that might arise would have to be resolved in favor of the United States because waivers of sovereign immunity are to be strictly construed in favor of the government. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).

Fed.R.Civ.P.).

The Complaint in this case does not allege exhaustion. Indeed, as plaintiff himself concedes, "[t]here is no dispute that Plaintiff has not yet exhausted the FTCA administrative claims process, which is a prerequisite to the Court exercising jurisdiction over FTCA claims." Plaintiff Opposition to Shaw Motion, at 2. Because exhaustion is a jurisdictional requirement in this case, and because that requirement has not been met, the claims made in this case that are subject to conversion to FTCA claims under the Westfall Act must be dismissed.[5]

## CONCLUSION

For the reasons set forth above, the Court should order that the United States be substituted as a defendant in place of defendant John Shaw as to all claims arising during the period of Shaw's employment by the Department of Defense, and should dismiss all of plaintiffs' claims as to which such substitution is effected on the ground that this Court lacks jurisdiction over those claims.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

---

[5] Plaintiff cites a provision of the Westfall Act as entitling him to exhaust his administrative remedies at some point in the future in the event this action is dismissed on the ground that he failed to exhaust already. To whatever degree that provision might help him, it clearly would have no applicability until after dismissal. 28 U.S.C. § 2679(d)(5)(B) (referring to possibility of curing failure to exhaust "after dismissal of the civil action"). At this stage, once substitution is effected, the substituted claims will have to be dismissed in light of the jurisdictional defect in plaintiff's tort claims.

ELIZABETH J. SHAPIRO
Assistant Branch Director

      /s/
JUDRY L. SUBAR (D.C. Bar No. 347518)
U.S. Department of Justice, Civil Division
Federal Programs Branch, Rm. 7342
20 Massachusetts Avenue, N.W.
Washington, DC  20530
(202) 514-3969

Attorneys for Defendants Dep't of Defense
and the United States