UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK, et al.,       ) | |
|         Plaintiff,       ) | |
|         v.       ) | Civil Action No. |
|                ) | 06-00654 (ESH) |
| DEPARTMENT of DEFENSE       ) | |
|         Defendant.       ) | |

**DEFENDANT DEPARTMENT OF DEFENSE'S
SUPPLEMENT TO PARTIES' RULE 26(F) REPORT**

This action was originally brought against two defendants: the Department of Defense and John Shaw. By order dated September 7, 2006, the United States was substituted for Mr. Shaw; the claims against the United States were dismissed; and plaintiff was given until October 7, 2006, to file any amended complaint. In light of the changes made to the posture of this case by virtue of that order, defendant Department of Defense provides this supplement to the report that was filed on behalf of the parties pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 16.3(d) of the Local Rules of this Court.

Paragraph 7 of the Rule 26(f) report recites that the parties had agreed that they would provide each other with initial disclosures by September 29, 2006, unless a later date appears appropriate on the basis of whatever is discussed with the Court during the initial scheduling conference set for September 14, 2006. Now that the claims against Shaw have been dismissed, but given the prospect that plaintiff will attempt to assert a new set of claims against him in an amended pleading, the government proposes that the initial disclosure deadline be deferred until after the passage of the deadline for plaintiff to file an amended complaint, and the parties have had a chance to confer about the scheduling implications of that amendment. It seems to make

little sense to move forward with initial disclosures when the identity of the parties to this case is so unclear.  If Shaw is ultimately brought back into this case as a defendant, another round of initial disclosures would, presumably, have to be made by both plaintiff and Shaw.  Further, whether Shaw is ultimately deemed a party or simply a potential witness with regard to the claims that are now in this case could have an impact on the preparation of initial disclosures as to those claims.  Plaintiff would not appear to face any prejudice if the government's proposal is adopted; the rest of the discovery process would presumably not begin until after Shaw's identity as a witness or a party is further clarified.

Counsel for the parties discussed the substance of the government's proposal with regard to initial disclosures on September 13, 2006, and were not able to come to an agreement.  Plaintiff's position has been represented to the undersigned as being that initial disclosures with regard to the Privacy Act claims in this case should be made by September 29, 2006, and that there is no good cause why those initial disclosures should not be made by that date.  The parties anticipate discussing this issue at the September 14 scheduling conference.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        KENNETH L. WAINSTEIN
        United States Attorney

        ELIZABETH J. SHAPIRO
        Assistant Branch Director

        /s/
        JUDRY L. SUBAR (D.C. Bar No. 347518)
        U.S. Department of Justice, Civil Division
        Federal Programs Branch, Rm. 7342
        20 Massachusetts Avenue, N.W.

Washington, DC  20530
(202) 514-3969
Attorneys for Defendant