UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL SUDNICK, )
)
    Plaintiff, )
)
)
)
)
v. ) Civil Action No.
) 06-00654 (ESH)
DEPARTMENT OF DEFENSE and )
JOHN A. SHAW, )
)
    Defendants. )
)

**ANSWER
OF DEFENDANT JOHN A. SHAW**

    Defendant Dr. John A. Shaw ("Dr. Shaw"), by and through undersigned counsel, hereby states for his Answer and his affirmative defenses to the Amended Complaint filed by Plaintiff as follows:

    The preliminary material found before Paragraph 1 constitutes Plaintiff's characterization of this action as to which no response is required.

    1.    The allegations in Paragraph 1 of the Amended Complaint set forth legal conclusions to which no response by Dr. Shaw is required. To the extent that a response is deemed required, Dr. Shaw denies those allegations.

    2.    The allegations in Paragraph 2 of the Amended Complaint set forth legal conclusions to which no response by Dr. Shaw is required. To the extent that a response is deemed required, Dr. Shaw denies those allegations.

    3.    Dr. Shaw is without sufficient information to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint.

4. The allegations in Paragraph 4 of the Amended Complaint set forth legal conclusions to which no response by Dr. Shaw is required. To the extent that a response is deemed required, Dr. Shaw denies those allegations.

5. Dr. Shaw denies that he is a former DoD Deputy Inspector General and admits the balance of the allegations of Paragraph 5 of the Amended Complaint.

6. The allegations of Paragraph 6 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to such allegations is required. Dr. Shaw also notes that Paragraph 6 of the Amended Complaint sets forth legal conclusions to which no response is required; to the extent that a response is deemed required, Dr. Shaw lacks information sufficient to admit or deny those allegations.

7. The allegations of Paragraph 7 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to such allegations is required. Dr. Shaw also notes Paragraph 7 of the Amended Complaint sets forth legal characterizations to which no response is required; to the extent that a response is deemed required, Dr. Shaw lacks information sufficient to admit or deny those allegations.

8. The allegations of Paragraph 8 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to such allegations is required. Dr. Shaw also notes Paragraph 8 of the Amended Complaint sets forth legal conclusions to which no response is required; to the extent that a response is deemed required, Dr. Shaw lacks information sufficient to admit or deny those allegations.

9. The allegations of Paragraph 9 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to such allegations is required. Dr. Shaw also notes that each sentence of Paragraph 9 of the Amended Complaint sets forth legal conclusions to which no response is required; to the extent that a response is deemed required, Dr. Shaw lacks sufficient information to admit or deny those allegations.

10. The allegations of Paragraph 10 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that Paragraph 10 of the Amended Complaint sets forth legal characterizations concerning the "Source Selection Authority" to which no response is required; to the extent that a response is deemed required, Dr. Shaw lacks sufficient information to admit or deny those allegations.

11. The allegations of Paragraph 11, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to such allegations is required; to the extent that a response is deemed required, Dr. Shaw admits that Liberty Mobile was an unsuccessful bidder for a mobile phone license, that Liberty Mobile involved at least one acquaintance of Dr. Shaw who was in the private sector, and that Liberty Mobile had proposed CDMA mobile phone technology, and otherwise lacks knowledge and information sufficient to admit or deny the allegations of this paragraph.

12. The allegations of Paragraph 12 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that

Paragraph 12 of the Amended Complaint sets forth legal characterizations, including references to the "Source Selection Authority" to which no response is required; to the extent that a response is deemed required, Dr. Shaw lacks sufficient information to admit or deny those allegations.

13. The allegations of Paragraph 13 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that each sentence of Paragraph 13 of the Amended Complaint sets forth multiple legal conclusions and characterizations to which no response is required; to the extent that a response is deemed required, Dr. Shaw denies those allegations.

14. The allegations of Paragraph 14 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required.

15. The allegations of Paragraph 15 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that Paragraph 15 of the Amended Complaint sets forth multiple legal conclusions to which no response is required; to the extent that a response is deemed required, Dr. Shaw denies those allegations.

16. The allegations of Paragraph 16 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that Paragraph 16 of the Amended Complaint sets forth legal characterizations and conclusions

to which no response is required; to the extent that a response is deemed required, Dr. Shaw denies those allegations.

17. The allegations of Paragraph 17 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 17 of the Amended Complaint set forth legal conclusions and characterizations to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw lacks sufficient information to admit or deny the allegations of this paragraph.

18. The allegations of Paragraph 18 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required; to the extent a response is required, Dr. Shaw lacks sufficient information to admit or deny those allegations.

19. The allegations of Paragraph 19 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required.

20. The allegations of Paragraph 20 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required.

21. The allegations of Paragraph 21 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that Paragraph 21 of the Amended Complaint sets forth multiple legal characterizations and conclusions, including references to "illegal disclosures," "Privacy Act-covered

information," "bribes," "Illegal DoD Sudnick Privacy Act Information Disclosures," "Privacy Act record[s]," and "illegal disclos[ures]" to which no response is required; to the extent that a response is deemed required, Dr. Shaw denies those allegations.

22. The allegations of Paragraph 22 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 22 of the Amended Complaint concerning "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

23 (First). The allegations of (First) Paragraph 23 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in (First) Paragraph 23 of the Amended Complaint concerning "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

23 (Second). The allegations of (Second) Paragraph 23 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in (Second) Paragraph 23 of the Amended Complaint concerning "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

24. The allegations of Paragraph 24 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 24 of the Amended Complaint concerning "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

25. The allegations of Paragraph 25 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 25 of the Amended Complaint concerning "violat[ions] of the Privacy Act" and "illegal disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

26. The allegations of Paragraph 26 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 26 of the Amended Complaint concerning "violat[ions] of the Privacy Act" and "illegal, defamatory disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

27. The allegations of Paragraph 27 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the

allegations in Paragraph 27 of the Amended Complaint, including those allegations concerning "Illegal DoD Sudnick Privacy Act Information Disclosures," and those pertaining to a "'routine use' under the Privacy Act and applicable regulations" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies the same.

28. The allegations of Paragraph 28 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that all of the allegations in Paragraph 28 of the Amended Complaint, including those allegations concerning "Illegal DoD Sudnick Privacy Act Information Disclosures," "the Privacy Act and applicable regulations," and "regulations establishing DoD Information Practices applicable to DoD IG records and the records of the Office of the Secretary of Defense" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies the same.

29. The allegations of Paragraph 29 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 29 of the Amended Complaint concerning "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations, and lacks information sufficient to admit or deny the description of the Plaintiff's actions.

30. The allegations of Paragraph 30 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against

Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that he allegations in Paragraph 30 of the Amended Complaint concerning "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations, and lacks information sufficient to admit or deny the description of the Plaintiff's actions.

31. The allegations of Paragraph 31 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that he allegations in Paragraph 3 of the Amended Complaint concerning "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations, and lacks information sufficient to admit or deny the description of the Plaintiff's actions.

32. The allegations of Paragraph 32 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that he allegations in Paragraph 32 of the Amended Complaint concerning "direct caus[ation]" and "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

33. Dr. Shaw lacks sufficient information to admit or deny the allegations of Paragraph 33 of the Amended Complaint.

34. The allegations of Paragraph 34 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required.

35. The allegations of Paragraph 35 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 35 of the Amended Complaint concerning "defamatory" allegations and "Illegal DoD Sudnick Privacy Act Information Disclosures" set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

36. The allegations of Paragraph 36 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the allegations in Paragraph 36 of the Amended Complaint characterizing a "determination" that certain "allegations made against Plaintiff Sudnick" were "without merit" sets forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

37. The allegations of Paragraph 37 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the the allegations in Paragraph 37 of the Amended Complaint concerning "violat[ions]" of the Privacy Act set forth legal conclusions to which no response by Dr. Shaw is required; to the extent a response is required, Dr. Shaw denies those allegations.

38. The allegations of Paragraph 38 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required. Dr. Shaw also notes that the the allegations in Paragraph 38 of the Amended Complaint concerning "wrongful release[s]" set forth legal and/or excessively vague conclusions to which no response by Dr. Shaw is required.

39. The allegations of Paragraph 39 of the Amended Complaint, which are addressed in the Answer of the Department of Defense, do not pertain to the claims against Dr. Shaw, and no response to those allegations is required.

40. The allegations of Paragraph 40, including subparagraph 40(A), of the Amended Complaint concerning alleged "knowing[]" "false[]" and "malicious[]" "publi[cations] and republi[cations]" set forth legal conclusions to which no response by Dr. Shaw is required. To the extent a response is required, Dr. Shaw denies those allegations. Dr. Shaw also notes that to the extent that Paragraph 40 pertains to allegations of events occurring prior to Dr. Shaw's departure from the Department of Defense, no response to such allegations is required. Dr. Shaw admits that he spoke to a reporter for the *Legal Times* on or about June 15, 2006, and denies the balance of the factual allegations contained in subparagraph 40(A).

### First Cause of Action

41-44. Dr. Shaw incorporates the responses to Paragraphs 1 through 40 above as if fully set forth herein. The allegations in Paragraphs 41 through 44 of the Amended Complaint purport to state claims against Defendant Department of Defense, but not as to Defendant Dr. Shaw; therefore no response by Dr. Shaw is necessary. To the extent that a response by Dr. Shaw is deemed necessary, Dr. Shaw notes that these

paragraphs set forth legal conclusions and argument to which no response by Dr. Shaw is required. To the extent a response is required, Dr. Shaw denies those allegations.

### Second Cause of Action

45-49. Dr. Shaw incorporates the responses to Paragraphs 1 through 44 above as if fully set forth herein. The allegations in Paragraphs 45 through 49 of the Amended Complaint purport to state claims against Defendant Department of Defense, but not as to Defendant Dr. Shaw; therefore no response by Dr. Shaw is necessary. To the extent that a response by Dr. Shaw is deemed necessary, Dr. Shaw notes that these paragraphs set forth legal conclusions and argument to which no response by Dr. Shaw is required. To the extent a response is required, Dr. Shaw denies those allegations.

### Third Cause of Action

50-52. Dr. Shaw incorporates the responses to Paragraphs 1 through 49 above as if fully set forth herein. The allegations in Paragraphs 50 through 52 of the Amended Complaint purport to state claims against Defendant Department of Defense, but not as to Defendant Dr. Shaw; therefore no response by Dr. Shaw is necessary. To the extent that a response by Dr. Shaw is deemed necessary, Dr. Shaw notes that these paragraphs set forth legal conclusions and argument to which no response by Dr. Shaw is required. To the extent a response is required, Dr. Shaw denies those allegations.

### Fourth Cause of Action

53-57. The Court has dismissed the Fourth Cause of Action of Plaintiff's Amended Complaint. No response is required.

### Fifth Cause of Action

58-64. Plaintiff has voluntarily dismissed the Fifth Cause of Action of Plaintiff's Amended Complaint. No response is required.

### Sixth Cause of Action

65-70.   Dr. Shaw incorporates the responses to Paragraphs 1 through 65 above as if fully set forth herein. The allegations in Paragraphs 65 through 70 of the Amended Complaint set forth legal conclusions and argument to which no response by Dr. Shaw is required. To the extent a response is required, Dr. Shaw denies those allegations.

### Seventh Cause of Action

71-74.   Dr. Shaw incorporates the responses to Paragraphs 1 through 70 above as if fully set forth herein. The allegations in Paragraphs 71 through 74 of the Amended Complaint set forth legal conclusions and argument to which no response by Dr. Shaw is required. To the extent a response is required, Dr. Shaw denies those allegations.

### Plaintiff's Prayer for Relief

No response by Dr. Shaw is required to the material in the Amended Complaint under the heading "RELIEF PRAYED FOR AGAINST DEFENDANT DoD."

The Court has dismissed the Amended Complaint's Fourth Cause of Action (Violation of Fifth Amendment Due Process Rights), and the Amended Complaint accordingly fails to plead facts entitling Plaintiff to "a declaratory judgment that Defendant Shaw's conduct, in his individual capacity . . . violated Plaintiff Sudnick's constitutional rights under the Fifth Amendment."

Plaintiff has voluntarily dismissed the Amended Complaint's Fifth Cause of Action (42 U.S.C. 1985(3) Conspiracy to Deprive of Equal Protection of Law), and the Amended Complaint accordingly fails to plead facts entitling Plaintiff to "a declaratory judgment that Defendant Shaw's conduct, in his individual capacity . . . violated Plaintiff Sudnick's constitutional rights under the Fifth Amendment."

The Amended Complaint's Fourth Cause of Action (Violation of Fifth Amendment Due Process Rights) and Fifth Cause of Action (42 U.S.C. 1985(3) Conspiracy to Deprive of Equal Protection of Law) have been dismissed, and the Amended Complaint accordingly fails to plead facts entitling Plaintiff to "a permanent injunction prohibiting Defendant Shaw from violating Plaintiff Sudnick's constitutional rights under the Fifth Amendment and from violating 42 U.S.C. 1985(3)."

The Amended Complaint fails to plead facts entitling Plaintiff to a permanent injunction imposing any of the prior restraints of speech requested by the Plaintiff.

The Amended Complaint fails to plead facts entitling Plaintiff to a declaratory judgment or to preliminary or permanent injunctive relief of any kind against Dr. Shaw.

The Amended Complaint fails to plead facts entitling Plaintiff to an award of compensatory damages against Dr. Shaw.

The Amended Complaint fails to plead facts entitling Plaintiff to an award of punitive damages against Dr Shaw.

The Amended Complaint fails to plead facts entitling Plaintiff to an award of prejudgment interest, postjudgment interest, costs, attorneys' fees, or any other relief against Dr. Shaw.

## AFFIRMATIVE DEFENSES

### First Defense

The Amended Complaint fails to state a claim against Dr. Shaw upon which relief may be granted.

<u>Second Defense</u>

The alleged statements at issue in the claims against Dr. Shaw are not capable of the defamatory meaning attributed to them by Plaintiff.

<u>Third Defense</u>

The alleged statements at issue in the claims against Dr. Shaw are privileged as fair and accurate reports of government proceedings.

<u>Fourth Defense</u>

To the extent that the alleged statements at issue in the claims against Dr. Shaw can reasonably be understood as statements of fact of and concerning the plaintiff, the statements are true or substantially true and plaintiff therefore cannot carry his burden of proving that the statements are false.

<u>Fifth Defense</u>

The alleged statements at issue in the claims against Dr. Shaw relate to matters of substantial public interest and concern.

<u>Sixth Defense</u>

At all times relevant to the Amended Complaint, plaintiff was a public official, a public figure, and/or a limited purpose public figure.

<u>Seventh Defense</u>

Dr. Shaw acted without malice, in both the Constitutional and common law sense of the term, in connection with the alleged statements at issue in the claims against Dr Shaw.

### Eighth Defense

Dr. Shaw acted without the requisite scienter, in both the Constitutional and common law sense of the term, in connection with the alleged statements at issue in the claims against Dr Shaw.

### Ninth Defense

Dr. Shaw's conduct was not grossly irresponsible in connection with the alleged statements at issue in the claims against Dr Shaw.

### Tenth Defense

Dr. Shaw acted without fault as required by the United States Constitution in connection with the alleged statements at issue in the claims against Dr Shaw.

### Eleventh Defense

No substantial danger to Plaintiff's reputation was apparent from the alleged statements at issue in the claims against Dr Shaw.

### Twelfth Defense

Plaintiff's claims are barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by the libel-proof plaintiff doctrine.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, by the incremental harm doctrine.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, by considerations of public policy.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the common interest doctrine.

### Seventeenth Defense

Plaintiff has not sustained any injury by reason of the alleged statements at issue in the claims against Dr. Shaw.

### Eighteenth Defense

The alleged statements at issue in the claims against Dr. Shaw were not a proximate cause of any injury to plaintiff.

### Nineteenth Defense

Plaintiff's alleged damages, if any, are the result of his own conduct or the conduct of others beyond Dr. Shaw's control and for whom Dr. Shaw is not legally responsible.

### Twentieth Defense

Plaintiff has failed to mitigate his damages as required by law.

### Twenty-first Defense

By reason of the First and Fourteenth Amendments to the United States Constitution, Dr. Shaw is immune from liability for punitive or exemplary damages under the circumstances alleged in the Amended Complaint.

<u>Twenty-second Defense</u>

Plaintiff may not recover declaratory or injunctive relief under applicable law.

<u>Twenty-third Defense</u>

Plaintiff may not recover punitive or exemplary damages under applicable law.

<u>Twenty-fourth Defense</u>

Plaintiff may not recover prejudgment interest, postjudgment interest, or his costs or attorneys' fees under applicable law.

Respectfully submitted,

AEGIS LAW GROUP LLP

By:      /s/ Paul Rauser
Paul C. Rauser (D.C. Bar No. 461722)
901 F Street, N.W., Suite 500
Washington, D.C. 20004
T: 202-737-3500
F: 202-737-3330

March 12, 2007        *Attorneys for Defendant John A. Shaw*