UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAR 0 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DANIEL SUDNICK, et al.,            )
                                   )
    Plaintiff,                     )
                                   )
        v.                         )   Civil Action No.
                                   )   06-00654 (ESH)
DEPARTMENT of DEFENSE and          )
JOHN A. SHAW                       )
                                   )
    Defendants.                    )
_____)

## [~~PROPOSED~~] PRIVACY ACT PROTECTIVE ORDER

**IT IS HEREBY ORDERED,** pursuant to Rule 26(c), Fed. R. Civ. P., and the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), that this Order shall govern the production and use in the above-captioned action of any records, documents and/or information that (1) may be Privacy Act-protected and/or otherwise might intrude upon the privacy interests of present or former government employees, (2) if disclosed, may endanger ongoing law enforcement efforts, or (3) if disclosed, may endanger employees who have engaged in undercover investigative activities.

1. Definitions:

    a)  As used in this Privacy Protective Order, the term "Protected Materials" means certain government records, documents and other information, including computerized or electronic information, that are protected from disclosure under any applicable law or regulation including the Privacy Act, 5 U.S.C. § 552(a) or the disclosure of which might otherwise intrude upon the privacy interests of present or former government employees, might endanger ongoing law enforcement efforts or might endanger employees who have engaged in undercover investigative activities;

      b)      For purposes of this Privacy Protective Order, the term "record" as it relates to Privacy Act protected materials shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).

2.      The Department of Defense ("defendant") is hereby authorized to release Protected Materials to plaintiff's attorneys in the subject action.

3.      Protected Materials shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. For any records, such as electronic data, whose medium makes such stamping impracticable, the cd, diskette, or tape case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking. Answers to interrogatories, if any, that contain Protected Materials also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.

4.      All computerized or electronic databases that contain employee names and social security numbers **may** be given unique identifiers by defendant before being produced to plaintiff so as to avoid the inadvertent dissemination of law enforcement sensitive information such as the names of covert undercover operatives.

5.      Protected Materials, any copies thereof, and any and all the information contained therein, shall be distributed to, and used by, only those individuals listed in paragraph 7 of this Order for the sole purpose of this litigation and shall not be disclosed, in any manner whatsoever, to anyone for any other purpose, without modification of this Order approved by the Court.

6. Protected Materials, any copies thereof, and any and all information contained therein shall not be published or disseminated to the public in any form, including the internet.

7. Protected Materials, and any copies thereof, and the information contained therein, may be disclosed only to:

    a) plaintiff's attorneys and persons regularly in the employ of the plaintiff's attorneys assisting in this litigation, including secretarial, clerical and paralegal or student personnel;

    b) plaintiff Daniel Sudnick;

    c) the Court and its personnel, including court reporters;

    d) witnesses and potential witnesses, but only to the extent necessary to provide a foundation for or elicit discoverable testimony and/or other evidence; and

    e) consultants and expert witnesses consulted, retained, or hired by any party to this litigation, but only to the extent necessary to provide a foundation for or elicit the expert testimony and/or other evidence.

8. All Protected Materials produced to plaintiff, and any copies thereof, and the information contained therein, must be stored at all times in a secure, locked facility maintained by plaintiff's attorneys and may not be sent to or reviewed by any person listed in paragraph 7 (b) and 7 (d) above outside of that facility.

9. Any person listed in paragraph 7 (except the Court) who is to review Protected Materials must sign the appropriate Acknowledgment of Privacy Protective Order attached hereto before he or she is given access to Protected Materials.

10. Any Protected Materials, including, but not limited to, responses to interrogatories and those portions of depositions where the contents of Protected Materials are

discussed shall be filed, if at all, under seal. The parties shall treat those portions of deposition transcripts as Protected Materials subject to this Protective Order.

11.     The manner of using any Protected Materials at the trial of this litigation shall, after consultation between counsel, be determined by the Court at or about the time when the final pretrial order is submitted to the Court.

12.     Defendant's failure to designate any materials as Protected Materials shall not constitute a waiver of any timely assertion that the materials are covered by this Protective Order.

13.     All individuals to whom Protected Materials are disclosed by plaintiff or by plaintiff's counsel consistent with the restrictions in paragraphs 5, 6, 7, 8 & 9 shall destroy or return any and all Protected Materials and copies thereof in their possession to plaintiff's counsel of record upon termination of this litigation, or when they are no longer a party to or assigned or retained to work on this litigation, whichever comes earlier.

14.     Protected Materials and all copies thereof (other than Protected Materials and copies presented in open court consistent with the provisions of this Order) must be destroyed or returned to the United States Department of Justice, Civil Division, within thirty (30) days after the termination of this litigation, including any appeals. Any document created by plaintiff or his counsel which contains or reflects Protected Materials (other than documents presented in open court consistent with the provisions of this Order) must be destroyed when this litigation is terminated.

15.     At the request of defendant, plaintiff's counsel shall certify to the destruction of all such documents, as referenced in paragraphs 13 and 14, not returned to the United States

Department of Justice, Civil Division within thirty (30) days of the termination of this litigation, and/or receipt of the request, whichever is later.

16. Subject to the provisions of paragraph 7, nothing in this Protective Order affects the right of counsel to discuss with their clients and expert witnesses or litigation consultants any information contained in Protected Materials.

17. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible, and does not constitute a ruling on any potential objection to the production or admissibility of any material.

18. Nothing in this Protective Order shall prevent disclosure as required by law or compelled by order of any court, or restrict a party's use of materials produced by that party. Nothing in this Order shall be construed to confer rights on any third party. Finally, nothing in this Order shall be construed to permit the disclosure of classified information.

19. Plaintiff may release to defendant's attorneys of record personal information pertaining to plaintiff's alleged damages, including potentially relevant documents and/or information that pertain to plaintiff's medical condition and/or personal business of financial affairs. Although not subject to the other provisions of this Order, defendant shall treat these materials as confidential and defendants shall disseminate these materials only to the legal staff assigned to work on plaintiff's case as well as to any experts who defendants may retain in this lawsuit.

20. Defendant and plaintiff retain the right to challenge the designation of Confidential Material as not properly designated as Protected Material in accordance with Fed. R. Civ. P. 26, or to request the Court to modify any of the restrictions contained in this Protective Order.

21. Defendant is hereby authorized to release to plaintiff's counsel Privacy Act-protected records pertaining to the plaintiff. Plaintiff's counsel hereby represent that they are authorized to receive such records. This Protective Order does not regulate plaintiff's use of Privacy Act-protected records pertaining to plaintiff except to the extent that such records also constitute Protected Materials pertaining to any other person.

Dated: 3/5/08

*Ellen S. Huvelle*
ELLEN S. HUVELLE
UNITED STATES DISTRICT JUDGE