UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL SUDNICK,           )<br>                                        )<br>      Plaintiff,              )<br>                                        )<br>      v.                         )<br>                                        )<br>                                        )<br>DEPARTMENT of DEFENSE and  )<br>JOHN A. SHAW,           )<br>                                        )<br>      Defendants.         )<br>                                        ) | Civil Action No.<br>06-00654 (ESH) |

## JOINT MOTION IN THE ALTERNATIVE TO:

## (1) EXTEND TIME FOR CONSUMMATION OF SETTLEMENT

## UNDER PRIOR ORDER OF DISMISSAL WITHOUT PREJUDICE; OR

## (2) RE-OPEN CASE FOR PURPOSE OF THE PARTIES

## ULTIMATELY CONSUMMATING SETTLEMENT

For the reasons set forth below, Plaintiff Daniel Sudnick and Defendant Department of Defense ("DoD") (collectively, the "Parties"), through undersigned counsel, hereby jointly move in the alternative to either:

(1)     Extend the time under the Court's May 30, 2008 order of dismissal without prejudice for consummating settlement by an additional forty-five (45) days, from the present date of Monday, July 14, 2008 to Thursday, August 28, 2008; or

(2)     Re-open the case for purpose of the parties ultimately consummating settlement by Thursday, August 28, 2008.

**The reasons for the motion are as follows:**

1.     The Court's May 30, 2008 order of dismissal provided that:

-1-

> This case is hereby dismissed. <u>The dismissal shall be without prejudice for a period of 45 days from the date of this Order. If settlement is not consummated within that 45-day period, the parties may reopen the action upon motion approved by the Court. Should counsel fail to move to reopen the case within the prescribed period, the matter shall, without further order, stand dismissed with prejudice.</u> The statute of limitations applicable to plaintiff's remaining claims against defendant Department of Defense is tolled during the period of dismissal without prejudice and throughout any subsequent reopening of the action, and the defense of the applicable statute of limitations shall not be raised by or be available to defendant Department of Defense following any reopening of the action. (Emphasis added.)

*See* Docket, Minute Order dated May 30, 2008.

2. The Parties have continued to diligently engage in good faith settlement discussions and now are on the verge of settling, having agreed on the principles of settlement and having exchanged a near-final draft settlement agreement.

3. The near-final draft settlement agreement now is in the hands of the Government (*e.g.*, Department of Justice litigation counsel and Department of Defense agency counsel). The Government has represented to counsel for plaintiff Dr. Sudnick, and has authorized counsel for plaintiff Sudnick to represent to the Court that the Government requires not more than 45 days' additional time beyond today (the 45-day deadline stated in the court's Order of Dismissal) to obtain the necessary internal approvals to finalize the settlement agreement. Litigation counsel for defendant DoD has represented to counsel for plaintiff Dr. Sudnick and authorized plaintiff's counsel to represent to the Court that the extended time required for the Government's finalization of the settlement agreement is attributable to at least the following reasons:

   A. The DoD agency counsel who had responsibility for handling and authorizing the settlement has been called to military active duty for a period of six (6) weeks, in his capacity as a military reservist;

   B. The DoD agency counsel who now has assumed acting responsibility for the case (and other matters) in the absence of the primary agency counsel is not familiar with the case.  Such agency counsel temporarily has additional professional workload on other cases as well.  Consequently, more time is needed for this reason.

   C. Although it is expected that DoD may provide a response to the near-final draft by Friday, 18 July 2008 and plaintiff's counsel is able to turn-around any comments to reach agreement within 3 or 4 days thereafter, DoJ litigation counsel will not be available because of pre-scheduled vacation with family from 19 July-3 August 2008.

   D. Upon returning from vacation on 4 August 2008 and then reviewing what plaintiff counsel expects will be plaintiff's final comments (if any), DoJ litigation counsel still must obtain final formal approval of the settlement form and substance from relevant higher-level DoJ officials.  This process is expected to take several work days – that is, through about Monday, 11 August 2008 – at a <u>minimum</u>.

  4. In light of the foregoing, and to avoid inconveniencing the Court further should any additional unforeseeable occur, the Parties believe it to be prudent to request a margin through Thursday, 28 August 2008, to consummate settlement, including the execution by all Parties of all documents relevant to the settlement (of which there are

expected to be several), entry of the settlement with the Court, and, finally, moving the court for dismissal with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant the Parties' joint motion in the alternative to: (1) extend time for consummation of settlement under the May 30, 2008 order of dismissal without prejudice; or (2) re-open the case for purposes of the Parties' ultimately consummating settlement.

A proposed order is attached.

Respectfully submitted,

Dated: 14 July 2008

            /s/
Timothy B. Mills
D.C. Bar No. 425209
Maggs & McDermott LLC
910 17th Street, N.W. Suite 800
Washington, D.C. 20006
(202) 457-8090
Attorneys for Plaintiff Daniel Sudnick

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

            /s/
ELIZABETH J. SHAPIRO
CARLOTTA P. WELLS
Attorneys
U.S. Department of Justice, Civil Division
Federal Programs Branch, Rm. 7150
20 Massachusetts Avenue, N.W.
Washington, DC 20530
(202) 514-4522
Attorneys for Defendant
Department of Defense

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DANIEL SUDNICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 06-00654 (ESH) |
| | ) | |
| DEPARTMENT of DEFENSE and | ) | |
| JOHN A. SHAW, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff Daniel Sudnick and Defendant Department of Defense's joint motion in the alternative to: (1) extend time for consummation of settlement under the May 30, 2008 order of dismissal without prejudice; or (2) re-open the case for purposes of the Parties' ultimately consummating settlement for an additional period of forty-five (45) days (through Thursday, August 28, 2008), it is hereby:

ORDERED that the motion is granted; and it is

FURTHER ORDERED that the Court's May 30, 2008 dismissal of this action without prejudice shall continue in effect for an additional 45 days, through Thursday, August 28, 2008. If settlement is not consummated by Thursday, August 28, 2008, the parties may reopen the action upon motion approved by the Court; and it is

-6-

      FURTHER ORDERED that all other provisions of the Court's May 30, 2008 dismissal order shall continue in full force and effect.


Dated: ____ July 2008             _____
                                                           ELLEN S. HUVELLE
                                                           UNITED STATES DISTRICT JUDGE